Nov. Term,
1856.

ZEHNOR
v.
BEARD.

ZEHNOR v. BEARD.

Unless exception be taken and entered upon the record, in the manner prescribed by statute, at the time the decision is made by the Court below, it is waived, and the record presents nothing to be determined by the Supreme Court.

Under the practice act of 1852, the plaintiff may set up in his reply several independent defenses, and tender several issues, provided they are not inconsistent with his complaint.

The inconsistency of the reply and the complaint is the same defect known in common law pleading as a departure.

*Wednesday, November 26.*

APPEAL from the *Wayne* Circuit Court.

STUART, J.—*Beard* sued *Zehnor* in the Court below to recover the balance due on a promissory note. *Zehnor* answered, setting up a failure of consideration. To the answer *Beard* filed a reply, composed of different paragraphs, and tendering several issues. Under the old practice it would have been regarded as several replications. *Zehnor* moved the Court to rule the plaintiff to elect on which paragraph of the reply he would rest; and that the others be rejected. The motion was overruled, and exception taken.

At this point the record is confused, but not materially affecting the questions presented for decision. There was a trial by jury, verdict for the plaintiff below, and judgment. The motion for a new trial was overruled, but no exception was taken, and the evidence is not made part of the record.

In this state of the case the second error assigned is perhaps the only one which should be noticed.

That error is thus assigned: "The Court erred in not compelling the plaintiff below to elect upon which of the several matters in avoidance in his reply to the answer, he would rely; and in refusing to reject the others." This assignment goes back to the bill of exceptions taken to the ruling on that point, and properly presents this question: Can the plaintiff, under the new practice, set up in his reply more than one matter of defense to the same answer?

The right to overflow neighboring land, was part consideration of the note which it was alleged had failed. It was replied, 1. That in consideration of deducting 800 dollars, Zehnor had undertaken to acquire that right himself. 2. That having been enjoyed by the vendor for over twenty years, the right to overflow passed to Zehnor with the mill, as appurtenant thereto.

The demurrer to the first of these matters in reply, may as well be determined. There was no exception taken to the opinion of the Court in overruling it. The law on this subject will be found under the head of "exceptions," 2 R. S. pp. 115, 116. The old system is so familiar to the bar, that some confusion has arisen from failing to distinguish the change in this respect. The new system defines an exception to be an objection taken to a decision of the Court upon a matter of law. Section 342. Decisions upon demurrer are clearly embraced. The exception must be taken at the time the decision is made. Section 343. When the decision and the grounds of objection appear in the record, the party may save the question by noting at the end that he excepts. Section 345. Thus, in the present case, reply, demurrer specially pointing out the cause, and the decision of the Court overruling it, are all in the record. But that is not sufficient. The exception must be noted at the end of the decision. Otherwise it is waived. 2 R. S. p. 39, s. 54, and p. 42, ss. 64 and 67. When the obnoxious decision, or the grounds of it, do not appear of record, the exception must be reduced to writing, after the manner of the former practice. Section 346. Thus, while the mode of excepting is varied to suit every contingency, the exception itself, as essential to save the question, is necessarily established.

The 347th section illustrates, but does not in the least impair, the view taken of the preceding sections. It is more specific as to the forms to be observed in taking a reserved question to the Supreme Court. The reserved question "may be taken upon the bill of exceptions showing the decision; or, if it arises on demurrer,

upon the pleadings involved." These two clauses of the sentence quoted, clearly relate back to the two sections just referred to; the former to the 346th section; the latter to the 345th section. Thus does it appear that the exception taken in some form in the Court below, is indispensable to bring the question judicially before the Supreme Court. If not taken at the proper time, in one or other of these modes, the exception is waived, and the record presents nothing to be determined. Even in criminal cases, the defendant is held to the same strictness. *Hornberger* v. *The State*, 5 Ind. R. 300.

Other parts of the practice act will not be found to conflict with this conclusion. Intimately connected with what we have been considering is that which relates to judgments on demurrer. We have carefully examined that section; it reads thus:

"Sec. 382. The judgment upon overruling a demurrer, shall be that the party shall plead over, and the answer or reply shall not be deemed to overrlue the objection taken by demurrer. But no objection taken by demurrer and overruled, shall be sufficient to reverse the judgment, if it appear from the whole record that the merits of the cause have been fairly determined. If a party fail to plead after the demurrer is overruled judgment shall be rendered against him as upon a default." 2 R. S. p. 123.

This section cannot be regarded as isolated. It is part of a system. It cannot be properly construed apart from the sections on demurrer, p. 38, and the sections relating to exceptions, pp. 115, 116. They are all to be taken together, as connected with and explanatory of each other. Thus regarded, there is nothing in the section quoted dispensing with the necessity of excepting at the time the decision is made; nor dispensing with the entry of such exception, as prescribed. It but inculcates, as does the whole code, that fair, honorable practice which apprises the judge and the opposite party, specifically, on what the party intends to rely in the ap-

pellate court; and that too while there may yet be time, if need be, to retrace their steps.

In the case in 5 Ind. R. *supra*, it is said that the spirit of the new code is to hold every failure to assert a legal right at the proper time, to be a waiver of that right,— thus giving still greater consequence to the legal maxim that "the law favors the vigilant." This was said in a criminal case: it is at least equally applicable in civil cases.

The motion to elect, overruled by the Court, was not intended to raise any question on the sufficiency of the reply; but simply to test the right of the plaintiff to set up more than one state of facts which, if true, would constitute a defense to the answer. Whether, in other words, the plaintiff was confined, as under the old system, to one reply, going to a single point of defense; or whether he might set up matter constituting several independent defenses.

The statute in relation to the reply is, that, when the answer contains new matter the plaintiff may reply denying each allegation controverted. And he may allege new matter not inconsistent with the complaint, and constituting a defense to the answer. 2 R. S. p. 42, s. 67. All the material allegations of the complaint and answer not controverted are to be taken as true for the purposes of the action. But the allegation of new matter in the reply, is to be deemed controverted as upon a direct denial or avoidance. 2 R. S. p. 44, s. 74.

We are not inquiring which system of pleading is the best; that which reduces the question to a single issue, as at common law, or that which, taking a wider latitude, gives the plaintiff the right to tender several issues in his reply, so that they be not inconsistent with his complaint. The question is, does the practice act change the common law in this respect? We think it does. Instead of confessing and avoiding, as was required under the old system, he may deny generally and avoid under the new practice. In confirmation of

this view, we have only to cite the provisions of 2 R. S. p. 37, s. 48, and *id.* p. 44, s. 74. The one provides that the demurrer or reply of the plaintiff shall be the last pleading; the other provides that there shall be implied to the plaintiff's reply such general denial or avoidance as the case may require. Thus, after the reply the law supplies the proper pleading, as has long been the practice in the magistrates courts, in relation to the general issue.

We are therefore of opinion that, under this practice, the plaintiff may tender as many issues in reply as he pleases, so that they are not inconsistent with his complaint, nor frivolous, &c.

The inconsistency of the reply and the complaint, is the same defect known in the old system as a departure in pleading. In what manner the consistency of the plaintiff's pleadings is to be tested, whether by demurrer or motion, it is not necessary to decide.

*Per Curiam.*—The judgment is affirmed with 3 per cent. damages and costs.

*C. H. Test*, for the appellant.

*J. S. Newman* and *J. P. Siddall*, for the appellee.