## JONATHAN ESTES, JR.

*v.*

## SUMNER W. FARNHAM.

The complaint alleged that in the fall of 1860, the plaintiff sold to defendant certain logs, and that the defendant agreed to pay the plaintiff therefor at the rate of $3 per thousand feet, and twenty-five cents per thousand feet additional, if the lumber manufactured from the logs should net above seven dollars per thousand feet at the mill; the amount to be paid in full before the Spring of 1863. The answer sets up an instrument, (an absolute bill of sale,) showing a sale of the logs in November, 1860, for two thousand dollars, the receipt of which is acknowledged. The second instrument set up in the answer, is an agreement between the parties, dated April 28, 1862, which recites the sale of

the logs in the fall of 1860 ; the terms of this agreement, so far as the price of the logs is concerned, are the same as alleged in the complaint, but the agreement in the answer contains stipulations, first as to the mode of payment, that the defendant, out of the price of the logs, is to pay A. B. Barton & Co., a certain sum, and after deducting amounts due S. W. F. and F. & Co., the balance is to be paid in the summer, fall, and winter, after the date of the instrument. It also contains further stipulations that Farnham is to pay for the scaling of the logs to be done by Mark T. Berry, or some one agreed to by the parties; also that all expenses upon the logs, up to March, 1862, are to be paid by Estes, and not by Farnham, or Farnham & Co.  The reply alleged that the agreement of April 28, 1862, was a memorandum of the terms of the agreement of sale of November, 1860, and did not otherwise deny the agreements set up in the answer.  The cause of the action was the recovery of the whole amount of the purchase price of the logs, and the action was brought after the whole sum became due under the agreement of April 28, 1862.  *Held:* That this state of facts did not constitute a departure in pleading ; BERRY, J., not concurring.

Under a reply, pleading a prior action pending, &c., the plaintiff offered in evidence, what purported to be a copy of an answer in an action between plaintiff and defendant, there being no preliminary proof whatever, either to show in what action the answer offered was made ; the loss of the original answer ; that the paper offered was a true copy; or that it was served on the plaintiff as a copy of the answer in the action pleaded.  The court received the evidence. *Held:* That this was erroneous.

The plaintiff having pleaded in his reply a prior action pending, &c., and the pleadings in that action having been received in evidence, and it being admitted that the agreement referred to in the reply in that action, was the same set up in the answer and admitted in the reply in this action ; the defendant offered to prove that a hearing of such former suit was had before the referee, and that on such hearing the plaintiff introduced in evidence in support of his reply, such agreement.  The court rejected the offer.  There was no plea of a prior action pending, &c., by the defendant, as to this cause of action.  *Held:* That the evidence was properly excluded.

The defendant then offered to prove, *by parol,* what evidence was introduced in said action by the plaintiff therein, in support of his reply to defendant's counter claim, and that the notes set up by the defendant, as well as all the counter claims, except sufficient to satisfy the plaintiff's demand therein, were withdrawn by the defendant before the submission thereof to the referee, which was rejected by the court.  *Held:* That this ruling was erroneous.

The defendant then offered to show that the pleadings in the action were lost in the hands of the referee and could not be found; then to prove *by parol,* that the answer was amended at the trial, and that the copy here introduced does not present the real issue in the action, which was rejected by the court. *Held:* That this was erroneous.

This action was brought in the District Court for Hennepin County. The complaint sets out four distinct causes of action. The first is for the agreed price for certain pine logs, which plaintiff alleges he sold to defendant while they were lying in Rum river and its tributaries, in the fall of 1860, for three dollars per thousand feet, and twenty-five cents per thousand feet in addition, in case the lumber manufactured therefrom should net above seven dollars per thousand feet at the mill, to be paid in full before the spring of 1863. He further alleges that defendant received and manufactured the logs; that the lumber manufactured therefrom did net over seven dollars per thousand feet.

The second, is for driving for defendant, at his request, certain pine logs, from Estes brook to the west branch of Rum river, in the spring of 1861, for which plaintiff alleges the defendant agreed to pay him at the rate of one dollar per thousand feet.

The third, is for cutting, hauling, driving, and delivering to defendant, at his request, certain pine logs, in and during the lumbering season of 1860 or 1861, and prior to the 1st day of May, 1861, for which plaintiff alleges defendant agreed to pay him at the rate of five dollars per thousand feet.

To the fourth cause of action, defendant interposed a demurrer, which was not determined at the time of the trial.

The defendant, for answer to the first cause of action, sets up two written instruments, in relation to the said logs. The first an absolute bill of sale from plaintiff to defendant, expressing as the consideration for the sale, the sum of two thousand dollars, the receipt whereof is therein acknowledged.

This bore date November 19, 1860, and defendant alleges was executed by plaintiff to secure certain indebtedness of plaintiff to defendant, Barton & Co., and Farnham & Co.

The second was as follows: "Whereas, S. W. Farnham, did buy of Jonathan Estes, Jr., in the fall of 1860, the following marks of logs, * * then and now lying in Rum river

and its tributaries, for which the said Farnham has agreed to pay three dollars per thousand feet, * * and in case said lumber manufactured from said logs, should net above seven dollars per thousand feet at the mills, then the said Farnham agrees to pay three dollars and twenty-five cents per thousand feet, and out of the amounts which the logs should amount to, the said Farnham agrees to pay to A. B. Barton & Co., the sum of eighteen hundred and eighty-two dollars, and interest on same amount; the balance, after deducting the amounts due S. W. Farnham, and Farnham & Co., on their books and notes, if any, is to be paid in the summer, fall, and winter after the date of this instrument; Farnham paying for the scaling of said logs, free of charge to said Estes, Jr., and scaling to be done by Mark T. Berry, or some one agreed to by the parties hereto; all expenses on said logs up to March, 1862, are to be paid for by said Estes, Jr., and not by Farnham or Farnham & Co." This was signed by both parties, and bore date April 28, 1862. Defendant denies that the manufactured lumber from said logs netted above seven dollars per thousand feet at the mill. He alleges that he paid A. B. Barton & Co., $2,300, being the sum and interest mentioned in the agreement; that at the time of making the last agreement, plaintiff was indebted to defendant and Farnham & Co., on book account, in a sum exceeding $3,210 20; alleges that he then held also and owned certain notes and demands against the plaintiff, which are described in the answer, among which is a joint and several note executed by plaintiff and one S. S. Farnham, to defendant, for $1000; that after said payment to A. B. Barton & Co., and deducting such indebtedness, there was no balance due the plaintiff.

For answer to the second cause of action, the defendant alleges that the logs mentioned therein are the same as those described in the second written agreement set up, and that the expense of driving said logs was a part of the expenses

upon said logs prior to March, 1862, which by the terms of said written agreement were to be paid by plaintiff.

For answer to the third cause of action, defendant pleads a prior action pending between the same parties, respecting the same subject matter and a counter claim.

The reply admits the two instruments set up in defense to the first cause of action; alleges that the instrument dated April 28, 1862, is a memorandum of the terms of the sale of the logs made about November 19, 1860; denies any knowledge or information sufficient to form a belief as to the payment to A. B. Barton & Co.; and as to the $1000 note set up as a counter claim in defense to the first cause of action, pleads a prior action pending; denies any knowledge or information sufficient to form a belief as to whether at the time of making the agreement of April 28, 1862, the defendant held the notes, &c., mentioned and described in the answer; admits the pendency of the cause of action pleaded as a defense to the third cause of action, and alleges that, in that pending action, defendant in his answer therein, sets up by way of counter claim, a portion of the same matters which he has pleaded as a counter claim in this action, specifying and describing such matters, including certain notes and the account. To the defense to the second cause of action, the plaintiff did not reply.

Before proceeding to the trial of the cause, the defendant moved for judgment upon the pleadings, dismissing the action as to the first, second, and third causes of action, upon substantially the following grounds:

As to the first cause of action, an alleged departure in pleading by plaintiff.

As to the second cause of action, that a full defense had been set up in the answer, which was not denied by the reply.

As to the third cause of action, that it was admitted by the pleadings, that a prior suit was then pending between the same parties for the same cause of action.

This motion was denied by the court, and the defendant excepted. The plaintiff offered testimony in support of his first cause of action. The defendant objected to the introduction of any testimony under this cause of action, upon the ground of departure in pleadings; the court overruled the objection; the defendant excepted, and the testimony was admitted. The plaintiff also offered in evidence, among other things, what purported to be a copy of an answer in a suit between plaintiff and defendant, as such; to which the defendant objected on the ground "that the same is not the best evidence; that no proper foundation has been laid for secondary evidence; that there is no proof that it is a true copy; and that it is incompetent, immaterial and irrelevant;" the objection was overruled, the defendant excepted, and the testimony was admitted.

The pleadings in the action just mentioned having been received in evidence, and it having been admitted by plaintiff that a certain agreement referred to in the reply in *that* action, was the one of April 28, 1862, set up in the answer and admitted in the reply in *this* action, the defendant offered to prove that a hearing of such former suit was had before the referee to whom the same had been referred, and that on such hearing the plaintiff introduced in evidence in support of his reply, such agreement; this was objected to by plaintiff; the objection was sustained by the court, and the defendant excepted. "The defendant then offered to prove, by parol, what evidence was introduced at such hearing, by the plaintiff, in support of his reply to the defendant's counter claim and notes therein, and that the notes set up by the defendant therein, as well as all the counter claim, except sufficient to satisfy the plaintiff's demand therein, were withdrawn by the defendant on the trial, and before the submission therein to the referee."

The plaintiff objected; the court sustained the objection, and defendant excepted. The defendant then offered to show that the pleadings in the action were lost in the hands of the referee, and that they could not be found; and then to prove, by parol, that the answer was amended on the trial, and that the copy here introduced, does not present the real issue tried in that action; the plaintiff objected; the court sustained the objection, and the defendant excepted. Quite a number of other exceptions to the rulings were taken during the progress of the trial, and also to the charge of the court; the most of which presented no new points; the others are not material to the points decided.

The jury found a verdict for the plaintiff. The defendant moved the court for a new trial; this motion was denied, and from the order denying the same, the defendant appeals to this court.

F. R. E. Cornell, for appellant.

I. The court erred in denying defendant's motion for judgment upon the pleadings, as to the first, second and third causes of action; also, in overruling defendant's objections to the introduction of evidence under said counts. In respect to the second and third causes of action, there were no issues to try. As to the first cause, the reply admits the special agreement set out in the answer, and does not claim that the same has been abandoned or rescinded. Hence, the action should have been brought on such agreement. 5 Minn. 252.

The complaint cannot be helped out by the reply. 5 Minn. 381.

The variance between the contract stated in the complaint, and that in the answer which the reply admits, is fatal to the plaintiff's recovery, without an amendment of the complaint. If the contract differ from that alleged in a material point, as to the consideration, or the act to be done, it is not the same con-

tract. *Drake v.* ———, 36 Miss. (7 George,) 458. So if the date is different, 36 N. H. 252; or if the place of payment is different, 18 Ills. 22. Facts directly different from those averred in a pleading, constitute a fatal variance. 28 Barb. (N. Y.) 441.

This is not a question of variance between the pleading and proof, which the court might remedy in a proper case, by allowing an amendment, but whether without an amendment a recovery can be had upon a contract not stated in the pleading.

II. The court erred in allowing plaintiff, under objections from defendant, to prove the value of lumber generally, in 1862; also, in proving its value at the mill as it run from the log. The contract price was the measure of damages, viz: $3 per thousand feet, or $3 25, in case the lumber manufactured from the logs and sold, netted more than $7 00. Certainly it was incompetent to prove the value of other lumber, in order to establish how much this netted.

III. Plaintiff offered in evidence what purported to be a copy of an answer in a suit between plaintiff and defendant, to whch defendant objected, that it was not the best evidence as to what the real answer was, and that no foundation had been laid for secondary evidence, and that there was no proof that it was a true copy, and that it was incompetent, immaterial, inadmissible and irrelevant. The court overruled the objections and received the same. This was error.

IV. The pleadings in the former suit having been received in evidence, and it having been admitted that the agreement referred to in the reply in such former suit, was the same as that of April 28, 1862, set up in the answer in this action, defendant offered to prove that a hearing of such former suit was had before the referee, and that on such hearing the plaintiff introduced in evidence, in support of his reply, such agreement. The court rejected the offer, and this is error.

V. The court erred in not allowing defendant to prove by

parol the withdrawal of the notes, and a portion of the counter-claim, and that the same were not submitted to the referee in such former suit.

VI. Defendant offered to show that the pleadings in the former suit were lost in the hands of the referee therein, and that they could not be found, and then to prove by parol that the answer was amended on the trial, and that the copy here introduced does not present the real issue tried in that action. The court refused the offer, and in this erred. *Jones v. Lewis,* 37 Miss. (8 George,) 434; 8 Clark (Iowa,) R. 298; 21 How. U. S. 170; 21 Geo. 217; 4 Ind. 109; 4 Mich. 495; 1 Greenl. Ev. § 509; Ib. § 84, n. 2; *Schwartz v. Orthmer,* 4 Ind. 109; *Jackson v. Cullum,* 2 Blackf. 228; 1 Stark. Ev. 391.

Wilson & McNair and D. A. Secombe, for respondent.

I. There is no departure in the plaintiff's pleadings. The writing bearing date April 28, 1862, set forth in the defend-ant's answer, is a memorandum of the agreement made in the fall of 1860, and is *evidence* of the contract alleged in the plaintiff's complaint.

II. There was no error in the ruling of the court below, allowing the plaintiff to prove the value of lumber *generally,* at St. Anthony, in the year 1862. It appeared by the evi-dence, that the logs in question were manufactured by the de-fendent, at his mill, mixed indiscriminately with other logs, and the plaintiff was thereby prevented from showing what the lumber from those particular logs sold for.

III. If there was error in the said ruling, yet it did no harm to the defendant, for the reason, that the evidence al-lowed did not show the general value of lumber during that season to be over seven dollars per thousand.

IV. There was no error in the ruling of the court below, allowing the introduction of the copy of the answer of the de-fendant in the former action. It purported to be the copy of

the answer *served upon the plaintiff* in the former action, and *was the best evidence* of what the answer was in that action.

V.   The defendant having alleged in his answer that the said former action was still pending and undertermined, it was not error in the ruling of the court below refusing to allow the defendant to prove that the said actions had been tried.

VI.   It was not error that the court below refused to allow the defendant to prove *by parol* that the answer in said former action had been amended.   *The record* of such alleged amendment was the best evidence of the amendment, if it was made.

VII.   There was no proper foundation laid for the introduction of secondary evidence of the said alleged amendment.

*By the Court*—McMILLAN, J.—The complaint contains four distinct causes of action; to the last, however, a demurrer was interposed, which was undisposed of at the time of the trial.   The first three are all that claim our attention at this time.   Before proceeding to the trial of the cause, the defendant in the court below, moved for a judgment upon the pleadings in his favor, dismissing the action as to the first, second and third causes of action, which was denied by the court. To the second cause of action the defendant in his answer, sets up new matter which is clearly a full defense, to which there is no reply whatever ; and to the third cause of action the defendant pleads a prior action pending between the parties for the same subject matter, which is admitted by the reply ; as to these two causes of action, therefore, there was no issue to be tried, and the defendant was entitled to judgment.   The ground of the motion as to the first cause of action, was an alleged departure in pleading by the plaintiff.   To constitute a departure in pleading, the party must quit or depart from the case or defense which he has first made, and have recourse to another.   1 Ch. Pl. 644; Gould's Pl. Ch. 8, Part. 3, Sec. 65. The action in this instance is brought for the recovery of the purchase price of certain logs.   The alleged cause of action

stated in the complaint is a special agreement of the defendant to pay a certain sum as the consideration for the purchase of the logs mentioned in the complaint. It is the legal and not the natural identity which is to be presumed throughout the case. If, therefore, under the pleadings in this case the agreement of April 28, 1862, could be received in evidence to establish the complaint, the legal identity of the contract in the complaint and reply is established, and there is no departure. This will be determined by familiar and well settled rules. The complaint lays the sale of the logs and agreement to pay, in the fall of 1860, and after stating the quantity of logs, alleges an agreement by the defendant to pay the plaintiff for them at the rate of three dollars per thousand feet, and twenty-five cents per thousand feet in addition, if the lumber manufactured from the logs should net above seven dollars per thousand feet at the mill—the amount to be paid in full before the spring of 1863. The first instrument set up in the answer, shows a sale of the logs in November, 1860, for two thousand dollars, the receipt of which is acknowledged by the plaintiff. The second instrument is the agreement of April 28, 1862, which recites the sale of the logs in the fall of 1860. The terms of this agreement, so far as the price of the logs is concerned, are the same as alleged in the complaint, but the agreement, in the answer, contains stipulations, first as to the mode of payment, that the defendant, out of the price of the logs, is to pay A. B. Barton & Co., a certain sum, and after deducting amounts due S. W. Farnham, and Farnham & Co., the balance is to be paid for in the summer, fall and winter, after the date of the instrument. It also contains the further stipulations that Farnham is to pay for the scaling of the logs, to be done by Mark T. Berry, or some one agreed to by the parties; also that all expenses upon the logs up to March, 1862, are to be paid by Estes, and not by Farnham or Farnham & Co. The agreement of April 28, 1862, is evidently a modification of the original transaction as evidenced by the.

bill of sale. The bill of sale, so far as the acknowledgment of the purchase money goes, is in the nature of a receipt, and may be explained or contradicted by parol or otherwise, as any other receipt of money.

The facts set up in the answer show that no purchase money passed at the time, but that the transaction was to secure the amounts due to Barton & Co., and to Farnham and Farnham & Co., and that the payment was executory. Assuming that the bill of sale, *as to the contract price*, could not be varied by parol, yet payment being executory, it could certainly be changed by subsequent contract at the pleasure of the parties; it was, therefore, competent for the parties, by the agreement of 1862—which is in writing—to change the purchase price of the logs, and regulate the mode and time of payment, which, it is evident, they have done here, since the prior sale is recited in the last agreement.

Where a contract has been made, and by a subsequent agreement between the parties, the former agreement has been modified and altered, the plaintiff may declare upon the contract as it stands altered by the subsequent agreement, without noticing the terms of the original contract, which have been dispensed with. 1 Ch. Pl. 307; Ib. 314; *Robinson v. Tobin*, 2 Eng. Com. Law Rep. 132; (1 Stark. R. 336) *Boone v. Mitchell*, 8 Eng. Com. Law Rep. 9; (1 B. & C. 18.)

In pleading, it is only necessary to state that portion of the contract which is complained of as being broken. 1 Ch. Pl. 303, 317, and it may be stated according to its legal effect. Ib. 305-6. The agreement to pay is alleged in this instance as being broken; it is only necessary, then, to allege the promise to pay, the sale as its consideration, and the breach of the promise. The last agreement covers the whole ground of the promise. Upon this contract, there is no doubt Estes can maintain an action for the breach of the promise to pay Barton & Co., out of the amount of the price of the logs, for as to him both privity of contract and consideration exist.

Story on Cont. Sec. 450.  Not only is there a direct promise to pay Estes, but even in its absence the legal effect of the promise to pay Barton & Co., is a promise to Estes, and may be laid as such in the complaint.  It was not necessary then to state the particular mode of payment in this case ; the legal conclusion stated in the complaint being supported by the agreement of April 28, 1862, there was no variance on this ground.  Nor was there, we think, as to the time of payment.  The breach alleged is not a failure to pay either instalment, but a total failure to pay any part of the consideration, nor was the action brought until the whole sum was due by the terms of the contract; under these circumstances the proof supports the allegation.  2 Greenl. Ey. Sec. 104. The stipulation as to the scaling of the logs, and as to the expenses up to March, 1862, are clearly distinct and separate from the promise to pay, and in this cause of action neither are relied on as any part of the plaintiff's cause of action ; it was unnecessary, therefore, for the plaintiff to notice them in stating his case.  1 Ch. Pl. 303.  If this reasoning is correct, there is no departure from the complaint in the plaintiff's reply, as to the first cause of action ; and as the motion for judgment was not divisible, and extended to the first three causes of action, it was properly denied.  This disposes also of the exceptions taken by the defendant on the trial to the admission of evidence under the first count in the complaint, on the ground of departure in pleading.  The defendant having set up in his answer the two instruments hereinbefore mentioned, pleaded payment to Barton & Co., according to the agreement, of $2,300, and that the plaintiff, at the time of the agreement, was indebted to defendant and Farnham & Co., on various accounts which are stated fully in the answer, and that after such payment to Barton & Co., and deducting such indebtedness there was no balance due the plaintiff. The plaintiff, in his reply, pleads a prior action pending between the defendant, as plaintiff, and the plaintiff and

one S. S. Farnham as defendants, as to part of the indebtedness, viz: a note for $1,000, and alleges that, in the certain action pleaded by the defendant in answer to the plaintiff's third cause of action, the defendant put in and set up as a counter claim in that action, certain book accounts and notes, and orders, set up in the answer in this action. And, in reply to the *counter claim* set up in this action, the plaintiff also pleads that the same account is portion of the counter claim set up in the certain former action pleaded by the defendant in answer to the plaintiff's third cause of action herein. The plaintiff on the trial offered in evidence what purported to be a copy of an answer in a suit between plaintiff and defendant, to which the defendant objected on the ground "that the same is not the best evidence; that no proper foundation has been laid for secondary evidence; there is no proof that it is a true copy, and that it is incompetent, immaterial and irrelevant." The objection was overruled, and the evidence received, to which the defendant excepted. This was erroneous. It is sufficient to say that there was no preliminary proof whatever, either to show in what action the answer offered was made; the loss of the original answer; that the paper was a copy, or that it was served on the plaintiff *as* a copy of the answer in the action by Estes against Farnham, pleaded by plaintiff. The pleadings in the suit first mentioned having been received in evidence, and it having been admitted that the agreement referred to in the reply in *that* action, was that of April 28, 1862, set up in the answer, and admitted in the reply in *this* action, the defendant offered to prove that a hearing of such former suit was had before the referee, and that, on such hearing, the plaintiff introduced in evidence in support of his reply such agreement. The court rejected the offer, and the defendant excepted. This evidence was properly excluded. There is no plea of a prior action pending between the parties as to the first count in the complaint; this of itself determines the

Estes v. Farnham.

question. The defendant then offered to prove by parol what evidence was introduced in said action by the plaintiff (Estes) therein, in support of his reply to defendant's counter claim and notes therein, and that the notes set up by defendant, as well as all the counter claim, except sufficient to satisfy the plaintiff's demand therein, were withdrawn by the defendant on the trial, and before the submission thereof to the referee, to which the plaintiff objected, and the court sustained the objection, to which the defendant excepted. We think it was competent for the defendant to show these facts. The plaintiff pleads in his reply, a prior action pending as to the notes and accounts set up in the answer ; this, by the terms of the statute, stands denied, and the defendant may countervail it by proof of any fact in direct denial or avoidance of the reply, which might be pleaded. Comp. Stat. Ch. 60, Sec. 88, p. 543. The record in evidence showed a reference of the cause to a referee, but nothing further. The fact embraced in the offer was certainly an avoidance of the reply if it could be established, and we think the proof offered was competent, and should have been received. *Raves v. Farmer*, 4 Term. R. 146, and note A ; *Seddon and others v. Tutop*, 6 Term. R 607 ; *Haak v. Bridenbach Exrs. &c.*, 3 S. &. R. 204 ; *Snyder and Van Vechten, Exrs, &c., v. Croy*, 2 Johns. R. 227. These cases clearly establish the principle that a recovery in a former action, apparently for the same cause, is only *prima facie* evidence that the subsequent demand has been tried, but it is not conclusive. If the defendant has withdrawn a portion of his claim, and the cause has been tried, it is clearly no longer involved in the action, and if, after judgment, evidence of this character is competent, there is much less objection to it in a case like this. The defendant then offered to show that the pleadings in the action were lost in the hands of the referee therein, and that they could not be found, and then to prove by parol that the answer was amended on the trial, and that the copy here introduced does not present the real issue tried

in that action. The court rejected the offer, and the defend-ant excepted. We think the evidence was competent. After proof of the loss of a record, its contents may be proved like any other document, by any secondary evidence, where the case does not, from its nature, disclose the existence of other and better evidence. 1 Green. Ev. Sec. 509, and authorities cited.

We are unable to discover in the paper book any such mo-tion as is mentioned in the appellant's eighth point. This embraces all the exceptions to the rulings of the court on the admissibility of evidence which are material, and substantially determines the exceptions taken by the defendant to the charge of the court to the jury; we need not, therefore, consider them further.

The judgment of the court below must be reversed, and a new trial awarded.

BERRY, J. I do not concur in the views expressed in the foregoing opinion on the question of departure.