## LEVIN BROS. v. MacDONALD.

No. 15173—Opinion Filed March 17, 1925.

Rehearing Denied May 5, 1925.

**1. Trial —Time for Trial—Amendments After Issues Closed.**

Where the issues have been closed for a period of ten days before the case is set down for trial by filing pleadings or by lapse of time by failure to plead, section 5043, Rev. Laws 1910 (sec. 582, Comp. Stat. 1921), ceases to operate, and the subsequent filing of amended pleadings, which do not change the issues or prejudice the substantial rights of the complaining party. will not necessarily work a delay of the trial. Harn v. Mo. State Life Ins. Co., 70 Okla. 120, 173 Pac. 214.

**2. Appeal and Error—New Trial—Refusal Sustained.**

Where the errors complained of, in motion for new trial and petition in error on appeal, are decided against the contention of appellant, it must be held that the motion for new trial was properly overruled.

(Syllabus by Threadgill, C.)

Commissioners' Opinion, Division No. 3.

Error from Court of Common Pleas, Tulsa County; R. D. Hudson, Judge.

Action by Chas. A. MacDonald against Levin Bros., a corporation, on contract for money claimed. Judgment for plaintiff. and defendant brings error. Affirmed.

Louis W. Pratt and James M. Springer, for plaintiff in error.

J. P. Evers, for defendant in error.

Opinion by THREADGILL, C. The record discloses that on July 3, 1923, Chas. A. MacDonald brought suit against Levin Bros., a corporation, on contract to enforce a claim of $200 for preparing plans to remodel a building. Summons was issued and served. The return day was July 5, 1923, and time for answer expired July 15, 1923. On July 16, 1923, Levin Brothers filed motion to quash summons; July 23, 1923, said motion was overruled and 5 days for answer given; answer was filed, by leave of court, September 19, 1923, in which answer Levin Brothers pleaded that the plans ordered were unfit for the purpose of remodeling the building, that they were wholly unfit for the purpose for which they were intended, and the same were of no practical value. There was no objection to this answer by motion to strike and no demurrer to its sufficiency to state a defense. September 20, 1923, plaintiff filed reply of general denial; September 24, 1923, the cause was tried and judgment rendered for the plaintiff. The journal entry shows that the cause was assigned for trial on said date, that it was assigned by Saul Yeagger, the regular assignment judge. to Robert D. Hudson. a judge of the court, for trial. That the plaintiff and his attorney appeared and announced ready for trial, and waived jury, and defendant did not appear; and plaintiff offered evidence by witnesses, sworn according to law, and the court, being advised from the plaintiff's petition, defendant's answer, plaintiff's reply, and from the evidence produced, finds the plaintiff entitled to judgment, which was accordingly rendered. On September 27, 1923, defendant filed a motion for new trial. the principal ground of which being that the cause was set for trial, and tried, less than ten days after the issues were joined. On October 5. 1923, the motion for new trial was overruled, and the defendant excepted and brings the case here for review, asking for a reversal on two grounds: (1) That the judgment was erroneous because rendered in the trial of the case on a day less than ten days after the issues were joined: and (2) that the court erred in overruling defendant's motion for a new trial.

1. Section 582, Comp. Stats. 1921, provides the procedure for setting cases for trial with reference to the time the issues are joined.

This section reads, in part, as follows:

"Actions shall be triable at the first term of court, after or during which the issues therein, by the time fixed for pleading, are or shall have been made up. When the issues are made up, or when the defendant has failed to plead within the time fixed, the cause shall be placed on the trial docket, and if it is a trial case shall stand for trial at such term ten days after the issues are made up, and shall, in case of default stand for trial forthwith."

The first declaration of the section makes two provisions applicable to different conditions: First. Actions are triable at the first term of court where the issues therein, by the time fixed for pleading, are made up before the term commenced. Second. Actions are triable at the first term of court during which the issues therein, by the time fixed for pleading, are made up.

The second declaration of the section fixes ten days as the minimum for setting a case for trial from the date issues are joined therein, by the time fixed for pleading; it also provides that if defendant is in default, fails to plead within the time fixed, the case shall stand for trial forthwith.

It has been held by this court that the

ten days as the minimum for setting the case for trial after issues joined may be waived by the parties. C., R. I. & P. R. Co. v. Pitchford, 44 Okla. 197, 143 Pac. 1146.

It has also been held that when the issues have once been fully made up, by the filing of pleadings or by failure to file them, the provision of the statute as to the ten days has spent its force and thereafter any change in the issues caused by the filing of new or amended pleading, by leave of the court or consent of the parties, does not by reason of said section necessarily work a delay of the trial. C., R. I. & P. R. Co. v. Pitchford, 44 Okla. 197, 143 Pac. 1146; Harn et al. v. Interstate Building & Loan Co. et al., 68 Okla. 227, 172 Pac. 1081. Applying the rule laid down in these cases to the case under consideration, it appears that the issues were fully made up by defendant's failure to answer long before the case was set for trial, and the rule stated in the fifth paragraph of the last case above cited is applicable and controlling. The rule contended for by defendant had ceased to operate at the time the cause was tried and it was not error for the court to try the case and render judgment on the day it was set for trial, although less than ten days from the date the answer and reply were filed, and especially since there was no objection raised to the time set for trial. Under the issues in the case defendant could not claim the ten days from the time the answer and reply were filed, as the ten days provision of the statute ceased to operate with the default of the defendant, and the grace of the court, in allowing the answer filed out of time, did not have the effect of reviving the provision of the statute.

2. Where the errors complained of, in the motion for new trial and petition in error on appeal, are decided against the contention of appellant, it must be held that the motion for new trial was properly overruled. The judgment of the court should be affirmed.

By the Court: It is so ordered.

Note.—See under (1) 38 Cyc. p. 1280. (2) 4 C. J. p. 1131, § 3123 (1926 Anno).