Note.—See under (1) 29 Cyc. p. 1624; 20 R. C. L. p. 608; 4 R. C. L. Supp. p. 1369. (3) 36 Cyc. p. 1071; 25 R. C. L. p. 918; 3 R. C. L. Supp. p. 1434; 4 R. C. L. Supp. p. 1600; 5 R. C. L. Supp. p. 1352; 6 R. C. L. Supp. p. 1491; 7 R. C. L. Supp. p. 855. (5) 29 Cyc. p. 1637; Workmen's Compensation Acts—C. J. p. 139, §166. (6) 29 Cyc. p. 1642; Workmen's Compensation Acts—C. J. p. 49, §40. (7) 29 Cyc. p. 1649.

---

## WOOD v. FREEMAN.

No. 17736. Opinion Filed April 3, 1928.

Rehearing Denied Sept. 18, 1928.

(Syllabus.)

1. **Pleading—Action for Use and Occupation of Real Estate—Reply to Counterclaim Held not a Departure.**

In a suit to recover rentals on real estate detained by defendant, the answer sets up: First, a general denial; and, second, counterclaim against plaintiff for certain taxes paid and improvements made by defendant on plaintiff's property. A reply setting up that if defendant made any outlay on plaintiff's property, same was made out of moneys belonging to plaintiff arising from rentals on plaintiff's property deposited in the court clerk's office by a receiver of said property and which defendant appropriated, and where plaintiff seeks no judgment therefor, but sets up same only as defense to defendant's counterclaim, such reply is neither subject to demurrer nor to motion to strike on the ground of departure.

2. **Trial—Time of Trial—After Issues Joined, Delay of Trial not Worked by Amendment not Changing Issues.**

Paragraph 5 of the syllabus in Harn v.

Missouri State Life Ins. Co., 70 Okla. 120, 173 Pac. 214, is adopted as the second paragraph of this syllabus.

3. **Limitation of Actions—New Matter in Reply to Counterclaim not Barred till Counterclaim Barred.**

Where defendant sets up counterclaim in his answer, and plaintiff in his reply sets up new matter constituting a defense thereto, the new matter so set up in the reply will not be barred by statute of limitations until the claim of defendant, upon his counterclaim, is so barred under section 274, C. O. S. 1921.

4. **Judgment—Effect of Setting Aside Judgment and Granting New Trial—Former Ruling as to Election of Remedies not Controlling in New Trial.**

Where a case is tried upon a petition containing two counts, the one claiming the rental value of certain real estate detained by defendant for a specific time, and the other claiming the amount of rentals actually collected by defendant from occupying tenants on said property for the same time, and where, at the conclusion of the evidence, the trial judge compels plaintiff, over his protest, to elect, and he does so elect, to recover upon his first count, and there is judgment for plaintiff thereon, and where, thereafter, the said verdict and judgment are set aside and motion for new trial granted by the trial judge on the ground of his disqualification, it is not error for the succeeding trial judge to pass anew upon the question of election when presented to him, and if there is no error in his ruling thereon, the defendant may not complain.

5. **Use and Occupation—Improvements—Action for Rentals—Occupant of Property in Litigation not Entitled to Reimbursement for Cost of Repairs and Insurance.**

An unsuccessful litigant for realty, when sued by the owner for rentals thereon, is not entitled to disbursements for ordinary repairs, nor for fire insurance premiums, all made during the litigation over such realty.

Commissioners' Opinion, Division No. 1.

Error from District Court, Carter County; Asa E. Walden, Judge.

Action by Etta Wood, now Freeman, against Sam Wood. Judgment for plaintiff, and defendant appeals. Affirmed.

Sigler & Jackson, for plaintiff in error.

Wm. G. Davisson, for defendant in error.

BENNETT, C. In April, 1915, Sam Wood brought suit in district court of Carter county against his wife, Etta Wood, now Freeman, for divorce. The wife filed cross-petition, and the trial resulted in judgment on

cross-petition granting the wife divorce from her said husband, and the wife was awarded part of lot 7, in block 375, in the city of Ardmore, and also the care and custody of the minor child of the marriage; the other property in controversy being given to the husband, Sam Wood. In April, 1917, Sam Wood filed against same defendant another action in district court of Carter county to modify the judgment in above suit, and recover back lot 7, in block 375, in Ardmore, which had been awarded to the wife, and also to regain custody of the minor child. In January, 1919, the district court, upon application of Sam Wood in the last-named cause, appointed a receiver of the real estate above described to collect the rents therefrom pending further order of court, and ordered Etta Wood, now Freeman, to deliver possession of said property forthwith to the receiver. The receiver went into immediate possession of said property, and held same until the 3rd day of January, 1921, at which time the receiver filed his report in district court of Carter county and was discharged.

The receiver had in hand at time of discharge $342.38 from rental of the real estate aforesaid, which sum was turned over to the court clerk of said county. The first cause above mentioned was numbered 2841, and the second 4100, and these causes were, on the 15th day of September, 1920, consolidated, and thus came on for trial on the last-named date, and as a result the court rendered judgment in favor of Sam Wood, and awarded to him lot 7, in block 375, which had formerly been given to Etta Wood, now Freeman, and from which judgment there was an appeal to Supreme Court of Oklahoma, by which court the judgment was reversed and the original judgment in cause No. 2841 was declared to be in full force. The mandate of the Supreme Court was followed by an order of district court of Carter county on August 6, 1923, wherein Etta Wood, now Freeman, was declared the owner, and was placed in possession of said real estate, and was also awarded custody of the minor child.

Upon said appeal of the cause to the Supreme Court of the state, no supersedeas bond was given by Etta Wood, now Freeman, and following such appeal, the amount paid in to the court clerk by the receiver, to wit, $342.38, was turned over to attorneys of record for Sam Wood, appellee in said cause; and it appears also that, on January 3, 1921, at the time of discharge of the receiver, said Wood personally took over and held possession of said real estate and the proceeds thereof until said property was finally restored to the wife by district court under order of the Supreme Court August 6, 1923.

Thereafter, Etta Wood, now Freeman, brought this action against Sam Wood for the rental value of such real estate from January 3, 1921, to August 6, 1923. The parties will be referred to herein as they appeared in the trial court.

The petition in the cause sets out that Etta Freeman, the plaintiff, was owner of such real estate, and that the defendant, Sam Wood, took and withheld possession and rental proceeds of same from January 3, 1921, to August 6, 1923. The petition was framed with two counts, the first setting forth cause of action for rents and profits collected from said property during said period by defendant, the second based upon the reasonable rental value of said property during same period, the amount demanded being $1,240, with interest at six per cent. from August, 1923, until paid and costs. Defendant's amended answer sets out: First, a general denial; and, second, that if any rentals from the property were collected, they were collected by virtue of a judgment of district court, wherein defendant was awarded said property; and, third, if the defendant collected any such rentals, that out of the same he made certain expenditures during his possession of the property, to wit, certain plumbing, painting, insurance and repairs, and also certain taxes for the years 1921 and 1922, the taxes amounting to $331.06 and other expenditures amounting to $193.65, which sums he seeks to recover by way of counterclaim against plaintiff. Plaintiff's reply consists of a general denial of each and every material allegation of amended answer not in accord with the allegations of plaintiff's petition, and a denial under oath of the correctness of defendant's counterclaim, and finally a plea that if such charges ever constituted a proper claim against the plaintiff, defendant made same out of, or reimbursed himself from, the amount of rentals from said property which were deposited by receiver in office of court clerk in cause No. 4100, amounting to $332.21, all of which was appropriated by defendant, and that this should therefore offset defendant's counterclaim.

This cause came on originally for hearing before division No. 1 of district court of Carter county, Judge W. F. Freeman presiding, and resulted in judgment for plaintiff, but thereafter the presiding judge sustained a motion for new trial, and vacated the verdict and judgment upon the ground that he was disqualified to try the cause, and thereupon it was transferred to division No. 2 of such

court. This statement is necessary only because one of the assignments of error is based upon the fact that during the first trial Judge Freeman ruled that the plaintiff be required to elect which of the two counts she would rely upon. This was upon defendant's motion, and thereupon the plaintiff elected to stand upon the count based upon the reasonable rental value of the premises. Plaintiff made strenuous efforts to prevent inclusion in the case-made of the order of Judge Freeman requiring plaintiff to elect upon the ground that it was a ruling made by the trial judge in the course of a trial, and that such trial judge having thereafter set aside said verdict, and judgment, and disqualified himself and transferred said cause, such order was in no wise binding upon the trial judge to whom it was later assigned, and that therefore it was not a proper part of the record of the trial upon appeal. The cause was tried in division No. 2 of the district court of Carter county on March 17, 1926, and resulted in a verdict and judgment in favor of plaintiff and against defendant for $936, and from this judgment the cause is brought here for review.

The motion for new trial of defendant sets out eleven alleged errors, his assignment of errors contains eight grounds, and he makes arguments under each of these eight heads. We shall follow the outline of his brief in our consideration of these various assignments of error.

1. The first contention is that the court erred in overruling the motion to strike the amended reply. It is contended by the appellant that the matter set up in the plaintiff's reply is a new and different cause of action against the defendant; and, second, that it is a departure from the allegations of the petition. The leading case referred to in defendant's brief is Snyder v. Noss, 99 Okla. 142, 226 Pac. 319. The holding in that case may be seen in the fourth paragraph of the syllabus, which is as follows:

"Where one alleges full compliance in his petition, and the answer denies full compliance and points out wherein the contract was not complied with, held, error to permit the plaintiff to reply, admitting that the well was not drilled according to contract, but alleging that the changes were made with defendant's consent and agreement."

In short, a recovery would not be permitted upon a theory different from the contract, and the theory relied upon in the petition. Also, Springfield F. & M. Ins. Co. v. Halsey, 34 Okla. 383, 126 Pac. 237, where a plaintiff sought to recover upon an insurance policy alleging that he had complied with all the conditions precedent. The answer set up that plaintiff violated the provisions of the policy as to keeping books and inventories, etc., and plaintiff replied setting up a waiver of such provision. It was held a departure. And other cases to the same effect. That is not the case at bar. In the reply there is not an allegation that departs from or is inconsistent with an allegation of the original petition, and if the plaintiff shall recover or shall sustain her recovery, it will be upon the identical allegations contained in plaintiff's petition, without waiver, estoppel or deviation therefrom in any way. Plaintiff sought to recover the rental value of her property which was wrongfully detained by defendant from January 3, 1921, until August 6, 1923, and the fact of such detention and the length of it stands undisputed in the evidence. Plaintiff did not seek to recover from defendant the amount of rentals which had accrued during receivership, and the balance of which had been deposited by receiver with court clerk at the time of the discharge of the receiver. From the record we are led to presume that she did not even know that defendant had withdrawn from the clerk's office and appropriated this fund at the time of bringing this suit. It seems that, by permission of court, plaintiff, after learning of the appropriation by defendant of such rentals, set up in her reply as a defense to new matter contained in defendant's answer by way of counterclaim and pleaded the appropriation of the rents as a defense or set-off to the new matter so relied upon by the defendant. Section 281, C. O. S. 1921, is as follows:

"**Reply or Demurrer to Answer.** When the answer contains new matter, the plaintiff may reply to such new matter, denying, generally or specifically, each allegation controverted by him; and **he may allege, in ordinary and concise language, and without repetition, any new matter not inconsistent with the petition, constituting a defense to such new matter in the answer. * * *"**

First, this claim of defendant that he has paid out sundry items of expense on plaintiff's property without her knowledge or consent and asking a counterclaim therefor is most certainly new matter. Second, in answer to such **new matter,** the statute gives plaintiff right in reply to set up **new matter,** subject only to the conditions (a) that it shall not be inconsistent with the petition, and (b) that it shall constitute a defense to the new matter in the answer. Is there the slightest inconsistency between the allegation that the defendant is indebted to plaintiff for the rental value of her house, the pos-

132-6

session of which the defendant had withheld for two years, and an allegation that the defendant had also withdrawn certain rentals of said house deposited by a receiver in the clerk's office, which rentals accumulated for a period prior to the time of taking possession of the property by the defendant personally? May not both stand?

Defendant also claims that this reply is a departure.

In the case of L. N. A. & C. Ry. Co. v. Herr, 135 Ind. 591, the court says in paragraph 1 of the syllabus:

"A departure takes place under the Code, when, in a subsequent pleading, a party deserts the ground taken in his antecedent pleading, and resorts to another."

In the body of the opinion the court says:

"A departure takes place 'when in any pleading the party deserts the ground that he took in his last antecedent pleading, and resorts to another,' or 'a departure, under the Code, admits the groundlessness of the complaint, abandons the case made by it and makes a new one.' McAroy v. Wright, 25 Ind. 22; Stephen's Pleading, 9 Am. Ed., p. 410; Work's Pr. & Pl., vol. 1, p. 336, section 512. The reply before us does not abandon the case made by the complaint, and does not resort to a new ground of action. It seeks to avoid the force of a contract which, if in force as pleaded in the answer, would defeat the cause of action alleged in the complaint. This is not a departure. * * *"

In the case of Anderson v. Imhoff, 34 Neb. 335, the court says in the body of the opinion:

"The court did not err in overruling the demurrer. The reply did not set up a new cause of action, but merely matter which, if true, would avoid the provision in the contract in regard to the adjustment and certificate of the architect. This was proper to set forth in the reply. In other words, matter in explanation or avoidance of the facts stated in the answer may be pleaded in the reply."

It is well to note that plaintiff, in her reply, does not seek to recover a judgment in addition to the amount sought in her original petition. She only sets up new matter to prevent defendant's recovering on his counterclaim. If, instead of the pleading filed, the plaintiff had replied, "You paid the taxes, it is true, but you paid them out of my money that you held in your hands," certainly that would have been permissible, and certainly it would not be inconsistent with, nor a departure from, anything in the original petition, and it would, if true, just as certainly prevent an allowance to the defendant of a credit in his accounting for

rentals of defendant's property. The test of inconsistency is whether evidence of facts alleged in reply would be, if received, contradictory of the allegations of the petition. Estes v. Farnham, 11 Minn. 423; Johnson v. State Bank, 59 Kan. 250. It has been said that inconsistency of the reply and complaint or petition is the same defect known in the common law as a departure in pleading. Zehnor v. Beard, 8 Ind. 96; Van Dorn v. Bodley, 38 Ind. 402.

Where petition alleged a hack used by defendants as common carrier was unsound and unfit, and the answer, after a general denial, alleged the hack was overloaded, making it necessary for plaintiff to put this fact in issue, if untrue, it was held that if this was inconsistent, defendants, by tendering the issue, were responsible on that score and could not object. Lemon v. Chansler, 68 Mo. 340. To same effect: Lamme v. Dodson, 4 Mont. 560; McLachlin v. Barker, 64 Mo. App. 511. To a defense that wheat sold was delivered on payment of a mortgage by plaintiff, a reply that such mortgage was given for a purchase of land rescinded for lack of title in the defendant does not depart from the petition. Ankeny v. Clark, 148 U. S. 345. Where petition seeks recovery of money paid on note, and the answer states there was no such note, but sets up liability on another note, on which the payment was made, the reply may state new matter showing plaintiff was not liable on such new note. Knox Co. Bank v. Lloyd, 18 Ohio St. 353.

2. The second alleged error is as follows: The court erred in forcing defendant to trial as shown in the records herein for the reason that the pleadings were not settled prior to the date of the trial.

Plaintiff's petition was filed September 8, 1923. Defendant's answer was filed January 30, 1924. Plaintiff's original reply was filed February 7, 1924. The above record shows that the issues were fully made up at the date of the filing of the reply, February 7, 1924. It is true that an amended reply was filed on November 12, 1925, with leave of court, but it is now settled in this state that, when once the issues are made up, or when defendant has failed to plead within the time fixed by our rules of pleading, the status of the case is fixed, and it is triable under the statute without respect to how many amended pleadings are filed thereafter. It is perhaps sufficient to say that in this case, the issues had not only been made up finally, but, as a matter of fact, the case had been once tried in one of the divisions of the same court under the pleadings so made up. This question has been directly

settled in many cases, among which are C., R. I. & P. Ry. Co. v. Pitchford, 44 Okla. 197, 143 Pac. 1146; Title Guaranty & Trust Co. v. Turnbull, 40 Okla. 294, 137 Pac. 1178; Blackert v. Lankford, 74 Okla. 61, 176 Pac. 532; Harn v. Missouri State Life Ins. Co., 70 Okla. 120, 173 Pac. 214; Levin v. McDonald, 110 Okla. 30, 235 Pac. 1070.

3. The court erred in holding that plaintiff was not bound by her former election to rely upon her second count, and erred in refusing to require plaintiff to elect upon which cause of action she would rely in trial of the case.

It will be borne in mind that this was a ruling of the court during a former trial of the case, and not the trial from which the defendant now appeals. After judgment in the former case, the trial judge disqualified himself, sustained defendant's motion for new trial, and transferred same to division No. 2. It seems to the court that if the judge who tried the case in the first instance was disqualified, he was disqualified as to the whole trial, and that his ruling in the midst of the trial (at the conclusion of the evidence), upon this phase of the matter, was a ruling which was vacated when a new trial was granted, and the case was in the same status as if no trial had been had, and if so, his ruling thereon is not properly a part of this record.

"Where a judgment is vacated or set aside by a valid order or judgment, it is entirely destroyed, and the rights of the parties are left as if no such judgment had ever been entered." 34 C. J. p. 385.

Defendant cites certain cases holding that, where a party has elected one of two inconsistent modes of redress, and has made a deliberate choice of one with knowledge of facts entitling him to resort to either, he is estopped from pursuing the other. We do not think those cases are in point. The plaintiff made no deliberate choice, but the election was forced upon plaintiff by the court. We think that when the matter came up for the second trial, in view of the disqualification of the former judge, it was the duty of the trial judge to pass upon such matters as the pleadings might present, and unless there was prejudicial error, the court should be sustained in so doing. It so happens that, under the view we take of this case, the correctness of the ruling upon the question of election becomes immaterial, but certainly reason and the authorities support the conclusion of the trial court that plaintiff's petition, composed of two counts. is not only permissible pleading but proper pleading. Harris v. Warren-Smith Hardware Co.,

44 Okla. 477, 144 Pac. 1050; Carter Oil Co. v. Garr, 73 Okla. 28, 174 Pac. 498; Roxana Petroleum Co. v. Covington State Bank, 98 Okla. 266, 225 Pac. 375.

4. The fourth contention is the court erred in permitting plaintiff to prove the cause of action set up in her reply.

The ground for this contention is that the claim is barred by the statute of limitations. This position is not tenable for several reasons. The record in this case does not disclose any pleading which sets up the statute of limitations, nor do the pleadings on their face show that the statute applies.

"Where the pleadings on their face do not show the cause of action to be barred by the statute of limitation, the statute is not available as a defense to the action unless it is specifically pleaded." Betz v. Wilson, 17 Okla. 383, 87 Pac. 844.

To the same effect: Reaves v. Turner, 20 Okla. 492, 94 Pac. 543; St. L. & S. F. Ry. Co. v. Bloom, 39 Okla. 78, 134 Pac. 432; Polson v. Revard, 104 Okla. 279, 232 Pac. 435. See, also, sec. 274, C. O. S. 1921, which provides:

"Such set-off or counterclaim shall not be barred by the statute of limitation until the claim of the plaintiff is so barred." Stauffer v. Campbell, 30 Okla. 76, 118 Pac. 391; Scrivner v. McClelland, 75 Okla. 239, 182 Pac. 503.

It should be noted also that plaintiff's rights to the real property were not determined until August 6, 1923, when, by judgment, she was declared to be the owner of the property. If she was entitled to the property, she was entitled to rentals. If, however, she was not entitled to the property, the accrued rentals did not belong to her. The amended reply was filed November 12, 1925, less than three years after the plaintiff's rights were adjudicated.

5. The court erred in holding that plaintiff could recover the reasonable rental value of the property while same was held by defendant.

Under the proof in the record the undisputed fact is that the rental value of the property was from $40 to $50 per month. Even the testimony of defendant himself is that he collected rents in excess of the instructed verdict in the case. Defendant testified that he collected $1,005 in rentals, and in addition that his attorney withdrew from court clerk's office $332, the balance of the rentals on plaintiff's house that accrued during receivership. The witness who occupied the property said that she paid $50 per month during all of said time save the last three

months, which would aggregate $1,370, collected by defendant Wood from this one tenant, and there was no denial by anyone of this testimony. If the ruling had been wrong as to the measure of damage, that is, that the exact amount of rentals paid, rather than the rental value, should be accounted for, the defendant has suffered no wrong, but see vol. 2 R. C. L. 300:

"Where restitution is made by the return to the appellant of the property, the possession of which has been taken from him under a judgment by sale or otherwise, he is further entitled to recover the rents of such property during the time that he was deprived of its possession, and doubtless any other damages which he may have suffered through injury to such property by acts of waste committed thereon."

See, also, Hess v. Deppen, 125 Ky. 424, 101 S. W. 362; Freeman on Judgments (5th Ed.) sec. 1168, to the same effect.

By analogy, the Oklahoma holding with respect to this may be seen, we think, by reference to section 794, C. O. S. 1921, wherein is set out the provisions of a supersedeas bond, in which the items of recovery are fixed, which includes "the value of the use and occupation of the property."

6. The court erred in overruling defendant's demurrer to the evidence and motion for instructed verdict.

We have examined with care the evidence in this case, and we are of opinion that the court did not err in overruling both the demurrer of plaintiff's evidence, and also defendant's motion for an instructed verdict.

7. The court erred in refusing to admit testimony of the defendant in reference to the improvements which he had made on the property.

In this connection it will be observed that the court allowed recovery by defendant of taxes on plaintiff's real estate. In fact, this was not contested. In case of First National Bank Bldg. Co. v. Riddle, 77 Okla. 143, 187 Pac. 479, the court uses the following language in the opinion:

"The fourth proposition is that the court erred in sustaining a demurrer to the seventh and eighth paragraphs of defendants' answer, wherein the defendants set up a counterclaim for repairs and improvements on the property in controversy since June 1, 1909. The court sustained the demurrer to this portion of the answer, and on the trial of the case the defendants offered evidence to prove these facts, which evidence was rejected by the court. The rule appears to be well settled in 15 Cyc. 229 as follows:

" 'To authorize a recovery for improve-

ments. they must have been made by defendant in good faith as a bona fide occupant, and in the belief that the land was his own; as a rule no allowance should be made for improvements made with notice or knowledge of an adverse title, or for those made by one who has acquired the land mala fide.' "

The improvements made in this case were made by defendant while a suit was pending for the title to this property. Suit for the possession is the highest evidence of hostility to the possessor's rights. Jefferson v. Edrington, 53 Ark. 545. See, also, Beasley v. Equitable Securities Co., 72 Ark. 601, 84 S. W. 224.

In the case of Probst v. Bearman, 76 Okla. 71, 183 Pac. 886, this court used the following language:

"The cost of improvements and operations incurred by the holder of an oil and gas lease, purchased pendente lite, and with actual knowledge of the adverse claim, and of the purpose of such party to insist upon his rights, and to obtain redress for the invasion of such rights, will not be deducted, when requiring such holder to account to the successful adverse party for oil and gas produced and sold from the premises."

The above case was cited with approval in First National Bank Bldg. Co. v. Riddle, 77 Okla. 143, 187 Pac. 479, at page 147, and the opinion also refers to Reynolds v. Fewel, 34 Okla. 112, 124 Pac. 623, wherein the court held:

"To permit one, against whom suit had been brought to recover lands, to recover for improvements made by him after suit was brought, might result in as great, or greater, injustice to the owner of the land than would result to the defendant, should recovery for any improvements be denied him. Such a holding would put it in the power of the defendant to place enough improvements upon the land, after suit was brought, to prevent the plaintiff from regaining the actual possession for such a length of time as to amount to a denial of justice, and would permit the defendant, in effect, to improve the plaintiff out of his land after he had been sued and thereby given to understand that the plaintiff claimed and intended to assert a title."

8. The court erred in sustaining the motion of plaintiff for judgment.

We have carefully examined this case and the evidence supporting the judgment, and there seems to be no real controverted issue of fact. There is no contradictory evidence either as to ownership of property or the period during which plaintiff was deprived of its possession, or of the rental value, and it is immaterial whether the evidence of witnesses detailing the reasonable

rental value of the property is accepted, or whether, on the other hand, the evidence of witnesses and of the defendant is accepted detailing the exact amount of rental paid to him, as the basis for judgment. The evidence in either case is undisputed and will amply support an instructed verdict for the amount, and perhaps for a larger amount than the court allowed in this case, and we conclude that, if the court has made any error, it is either harmless or one of which the defendant may not complain.

For the reasons given, the judgment of the trial court is in all respects affirmed.

Plaintiff has asked that this court render judgment against the defendant and his sureties on the supersedeas bond. The bond appears in the case-made, is signed by the defendant, Sam Wood, as principal, and W. L. Smith and W. H. Wimberley, as sureties, and is conditioned to pay the condemnation money and costs, if the said judgment be affirmed. Under section 797, C. O. S. 1921, plaintiff is so entitled to the judgment asked. It is therefore adjudged, ordered and decreed by this court that the plaintiff, Etta Wood, now Freeman, have and recover from the defendant, Sam Wood, principal, and W. L. Smith and W. H. Wimberley, sureties, on said supersedeas bond, the sum of $936, with interest at the rate of six per cent, per annum from March 25, 1926, and until paid, and the costs of this action, and for which let execution issue.

TEEHEE, LEACH, REID, and FOSTER, Commissioners, concur.

By the Court: It is so ordered.

Note.—See under (1) 31 Cyc. p. 257; 21 R. C. L. pp. 556, 557; 5 R. C. L. Supp. p. 1164. (3) 37 C. J. p. 1082. § 523. (4) 34 C. J. p. 385, §595. (5) 31 C. J. p. 326, §35.