## ALAMO NAT. BANK OF SAN ANTONIO, TEX., v. DAWSON PRODUCE CO.

No. 9656—Opinion Filed April 27, 1920.

Rehearing Denied May 25, 1920.

(Syllabus by the Court.)

**1. Bills and Notes—Bill of Exchange—Purchase by Bank—"Purchaser for Value."**

Where a bank purchases a bill of exchange from the drawer before maturity, and gives the drawer credit on his deposit account in the bank for the face value of the bill, such transaction only creates the relation of debtor and creditor, and does not constitute the bank a purchaser or holder for value; but if the deposit is drawn or checked out before the bill is accepted, the bank then becomes a purchaser for value.

**2. Same—Evidence—Question for Jury.**

In order to establish the fact that a bank which is the payee in a bill of exchange is not a purchaser for value, it is not sufficient to show that when the bank took the bill it simply gave the drawer credit on his deposit account for the face value of the bill, and where it is alleged by the payor that the bank was not the owner, but acted as the agent of the drawer in making the collection, the question of ownership is a question of fact to be submitted to the jury, and not one of law for the court.

**3. Appeal and Error—Review—Verdict—Evidence.**

In a civil action, triable to the jury, where there is competent evidence reasonably tending to support the verdict of the jury, and no prejudicial errors of law are shown in the instructions of the court, or its ruling on law questions presented during the trial, the verdict of the jury will not be disturbed on appeal.

Error from District Court, Oklahoma County; John W. Hayson, Judge.

Action by the Dawson Produce Company against Flory & Albers and others; the Farmers' National Bank, garnishee; interplea by the Alamo National Bank of San Antonio, Texas. Judgment for plaintiff, and interpleader brings error. Affirmed.

C. A. Davies and Wilson, Tomerlin & Threlkeld, for plaintiff in error.

Shirk, Danner & Fowler, for defendant in error.

JOHNSON, J. In April, 1917, the Dawson Produce Company, pursuant to certain telegrams, purchased a carload of strawberries from Flory & Albers, of San Antonio, Texas. The shipment was made open. That is to say, it was not required that the Dawson

Produce Company should pay the draft for the purchase price before receiving the goods from the carrier. Prior to making the shipment, however, the Farmers' National Bank wired the Alamo National Bank guaranteeing payment of draft, as follows:

"Will pay draft on Dawson Produce Company for car of strawberries at two dollars sixty-five cents per crate."

"Farmers' National Bank."

The car arrived in Oklahoma City on or about April 7th or 9th, and was received by the Dawson Produce Company on or about that date. Several days after receiving the strawberries, the Dawson Produce Company paid the Farmers' National Bank the amount of the draft and received the draft from that bank, and have ever afterwards retained possession thereof. The draft was paid on April 13th. Thereafter, and before the Farmers' National Bank could remit the proceeds to the Alamo National Bank, from whom it had received the draft, the Dawson Produce Company brought a suit in the district court of Oklahoma county against Flory & Albers, the Alamo National Bank et al. A garnishment affidavit was filed alleging that the defendants were indebted to the plaintiff in the amount of $1,378, and that the Farmers' National Bank had money in its possession belonging to the defendants. The Farmers' National Bank filed a garnishee's answer and in general terms stated that it had in its possession money belonging to the defendants in the sum of $2,098.80.

None of the defendants named in the petition entered any appearance in this case except the Alamo National Bank, who filed an answer denying that it ever entered into any kind of a contract with plaintiff for the sale of the carload of strawberries.

The Alamo National Bank also filed an interplea in the case, setting up that it was the owner of the money garnished, and asking judgment for the same.

The Dawson Produce Company filed an answer to the interplea, denying the allegations of the Alamo National Bank's answer, and denying that the said bank purchased the draft, and alleged that it was not the holder thereof for value in good faith, but in the collection of same acted on behalf of its codefendants, Flory & Albers.

At the trial it was stipulated that the Dawson Produce Company did not ask personal judgment against the Alamo National Bank and that it waived any claims for damages against said bank by reason of its allegations in the petition, and that the only issue in the case was ownership of the money

in the hands of the Farmers' National Bank, garnishee.

A trial was had to a jury before the Honorable John W. Hayson, judge, and a verdict was rendered in favor of the Dawson Produce Company. Motions for a new trial and for judgment non obstante veredicto and for a discharge of the garnishment were overruled by the court, from which orders and rulings the interpleader excepted and filed its petition in error and case-made for reversal and for judgment in this court.

As we have seen, the only parties appearing at the trial were the Alamo National Bank and the Dawson Produce Company, and by stipulation of these parties the only issue in the case was the ownership of the money in the hands of the Farmers' National Bank, garnishee.

The proof in support of the allegations in the plea of intervention consisted of the disposition of the cashier of the Alamo National Bank testifying that he knew nothing with respect to the contract and sale between the Dawson Produce Company and Flory & Albers; that his bank cashed the draft drawn in accordance with the instructions of Flory & Albers, and that the amount of the draft belonged to his bank. On cross-examination he testified further that his bank had no understanding with Flory & Albers with respect to the amount of the draft being charged to their account in the event same was not paid; that they cashed drafts for produce for a stranger when accompanied by a bank guaranty; that they charged back the amount on unpaid drafts in instances where the same were not paid by the drawee; that Flory & Albers had an account with his bank, and that he regarded the firm good for the amount in case of nonpayment of the item.

The cashier of the Farmers' National Bank was next called by plaintiff in error, and he testified that his bank sent the telegraphic guaranty to the Alama National Bank at the instance of the Dawson Produce Company; that the draft was received at Oklahoma City on the 9th day of April, 1917, and was not paid until the 13th day of April, 1917, and that the express receipt was attached to the draft. On cross-examination he testified that the draft came to his bank for collection instead of a cash item.

The next witness called by the intervener, Alamo National Bank, was the Oklahoma City agent of the express company, who testified that the shipment was made and received open, and upon its arrival delivered to the Dawson Produce Company, and from his records he gave the movements of the car. With this testimony the Alamo National Bank rested.

The Dawson Produce Company proceeded then with evidence in support of the allegations contained in its answer to the plea of intervention of the plaintiff in error, and first offered the deposition of Mr. Flory, of Flory & Albers.

Mr. Flory testified with respect to the contract and shipment: that it had been sued by the grower of the strawberries for the price; that his firm received a telegram from the Farmers' National Bank guaranteeing payment of the draft directed to them; that he wired purchaser that bank guaranty should be given plaintiff in error by an Oklahoma City bank; that his firm drew the draft on payee, the Dawson Produce Company, obtained the credit from the Alamo National Bank, and had not, at the time of the taking of the deposition, had the amount charged to his firm's account. On cross-examination he testified that before he issued the draft he communicated with the Alamo National Bank by telephone and learned that it had the bank guaranty from the Farmers' National Bank; that he then issued draft, to which was attached express receipt; then took them to the Alamo National Bank and received credit for the amount to their account; that at the time of taking of the deposition the amount of the draft had not been charged back; that his firm had an understanding with the Alamo National Bank that if the money should be held up at Oklahoma City their account would be charged back; that the Alamo National Bank was assisting his firm in having this money released, but in the event it was not released the bank would not lose, but his firm would; that the item was not charged back because his firm had sufficient funds in the bank to cover the amount of the draft; that if his firm did not have more than enough to take care of this draft, the bank would have charged the item back; that the Alamo National Bank was acting as agent in collecting the draft; that their account was credited at the time he took the draft and express receipt to the bank, and deposited it, which was probably the same day the Alamo National Bank received the telegraphic guaranty from the Farmers' National Bank; that the account of his firm was credited with the amount of this draft by the Alamo National Bank because of the bank guarantee; that it deposited the draft and express receipt and that the shipment was made open.

Defendant in error also offered the testimony of the general manager of the Dawson Produce Company, who testified with respect to the receipt of the strawberries;

that the draft was paid under protest. With this testimony the case was submitted to a jury, under instruction of the court, and a general verdict returned in favor of defendant in error.

Upon the refusal of the court to grant to the Alamo National Bank a new trial on its motions, appeal was regularly lodged in this court.

Counsel for plaintiff in error say in their brief:

"The court should have granted interpleader's motion for a peremptory instruction, and should have entered judgment awarding the money in the hands of the garnishee to the interpleader.

"It is the contention of the plaintiff in error that the fact that the Alamo National Bank credited the draft in question to the account of Flory & Albers as a cash item subject to the check of the latter after it had received telegram from the Farmers' National Bank guaranteeing payment of that draft, and the fact that the Dawson Produce Company paid the draft to the Farmers' National Bank, entitles the Alamo National Bank to the proceeds, notwithstanding that Flory & Albers may have intended to protect the Alamo National Bank in the event that the draft was not paid."

We cannot agree with this contention of counsel. The produce company, in its answer to the plea of intervention of the bank, alleged:

"That the defendant Alamo National Bank at no time purchased the draft and express receipt named and set out in said interplea, but at all times handled the same as any other exchange passing to said bank by its customers, and that it is not the holder thereof for value in good faith, but in the collection of same acted on behalf of its codefendants, Flory & Albers."

So, we see ownership of the draft was made an issue in the pleadings, and it is disclosed by the record that upon that issue the testimony was sharply in conflict.

In the case of Morrison & Co. v. Farmers' & Merchants' Bank, of Los Angeles, Cal., 9 Okla. 697, 60 Pac. 273, the Supreme Court of the Territory of Oklahoma announced the rule applicable to the facts of this case, which has been followed by this court in numerous cases and is thus stated in the syllabus of the Morrison case:

"5. Defenses available between the acceptor and drawer of a bill of exchange, are not available in an action by the payee against the acceptor, if the payee is a bona fide holder for value, and the burden of

overcoming the presumption that the payee is not a bona fide holder for value is on the acceptor, who seeks to set up such defenses against the payee.

"6. Where a bank purchases a bill of exchange from the drawer before maturity, and gives the drawer credit on his deposit account in the bank for the face value of the bill, such transaction only creates the relation of debtor and creditor, and does not constitute the bank a purchaser or holder for value; but if the deposit is drawn or checked out before the bill is accepted, the bank then becomes a purchaser for value.

"7. In order to establish the fact that a bank which is the payee and holder of a bill of exchange is not a purchaser for value, it is not sufficient to show that when the bank took the bill it simply gave the drawer credit on his deposit account for the face value of the bill; but it must be further shown that the amount of the deposit at that time had not been paid by the bank prior to acceptance of the bill." Forbes v. National Bank of Enid, 21 Okla. 206, 95 Pac. 785; Wood v. Stickle et al., 36 Okla. 502, 128 Pac. 1082; State National Bank of Oklahoma City v. Wood, 43 Okla. 251, 142 Pac. 1002; Marsh Mill & Grain Co. v. Guaranty State Bank of Ardmore, 69 Oklahoma, 171 Pac. 1122, L. R. A. 1019D 704.

Plaintiff in error's remaining assignments are:

"2. The court erred in his instruction to the jury;

"3. The court erred in refusing to give requested instructions to the jury;

"4. The court erred in not discharging garnishment."

There is no merit in the third proposition. We have examined the instructions refused, which are four in number, and all of which were, in effect, a peremptory instruction to find for the plaintiff in error, and the court did not err in refusing the same, for the reason that an issue of fact was joined upon which the testimony was sharply in conflict.

We have likewise' examined the instructions given, and are of the opinion that the instructions, as a whole, fairly submitted the questions of law applicable to the facts and the sole issue, as to the ownership of the money in the hands of the garnishee. Under these circumstances, it is the universal holding of this court that the verdict of the jury will not be disturbed on appeal. The judgment is therefore affirmed.

OWEN, C. J., and KANE, RAINEY, HARRISON, and BAILEY, JJ., concur.