BUELL et al. v. LIVINGSTON OIL CORP.

No. 12501—Opinion Filed Oct. 30, 1923.

1. **Appeal and Error—Questions of Fact—Verdict.**

A judgment will not be reversed on appeal to this court on account of insufficient evidence if there is any testimony that reasonably tends to support the verdict of the jury.

2. **Same—Excessiveness of Verdict.**

A judgment will not be reversed on appeal to this court for excessive damages returned by the jury, unless it appears that the verdict of the jury is the result of prejudice or passion.

3. **Same—Sufficiency of Evidence and Instructions.**

Record examined, and held, that the issues of fact were submitted to the jury under proper instructions by the court and that the verdict is supported by sufficient testimony.

(Syllabus by Stephenson, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Tulsa County; Frank Mathews, Assigned Judge.

Action by Livingston Oil Corporation against J. Garfield Buell, Harry U. Bartlett, the Bu-Vi-Bar Petroleum Co., and the Texas Company in conversion. Judgment for plaintiffs. Defendants bring error. Affirmed.

Chas. O'Connor, Harry C. Fair, John R. Ramsey, and D. W. Griffith, for plaintiffs in error.

C. H. Rosenstein, Hunt & Eagleton, and W. L. Kimmel, for defendant in error.

Opinion by STEPHENSON, C. The plaintiff commenced its action against the defendants for conversion of two oil rigs of

the reasonable valuation of $2,000. In the trial of the cause the jury returned its verdict for plaintiff in the sum of $1,200. The defendants have brought error to this court and seek a reversal of the cause, urging (a) that the court committed error in its instructions to the jury; (b) that the verdict of the jury is excessive.

We have carefully examined the instructions submitting the issues of fact between the parties to the jury, and find that all questions of fact were fully and fairly submitted.

There was evidence on the part of the plaintiff tending to prove that the two rigs were reasonably worth all the way from $1,200 to $2,000. The evidence was conflicting on the value. A judgment will not be reversed on appeal to this court unless it appears from the evidence that the verdict of the jury was the result of passion or prejudice. Bolen Darnall Coal Co. v. Williams, 7 Ind. Ter. 648, 104 S. W. 867; Waters Pierce Oil Co. v. Deselms, 18 Okla. 107, 89 Pac. 212; Arkansas Valley & W. Ry. Co. v. Witt, 19 Okla. 262, 91 Pac. 897.

There is competent testimony reasonably tending to support the verdict of the jury, and the verdict does not appear to have been the result of passion or prejudice. In the trial of a cause to a jury, if there is any testimony that reasonably tends to support the verdict of the jury, it will not be reversed on appeal to this court. Danciger v. Isaacs, 82 Okla. 263, 200 Pac. 164; Lusk v. Bandy, 76 Okla. 108, 184 Pac. 144; Alamo Nat. Bank v. Dawson Produce Co., 78 Okla. 235, 190 Pac. 393; A., T. & S. F. Ry. Co. v. Eldridge, 41 Okla. 463, 139 Pac. 254; A., T. & S. F. Ry. Co. v. St. Louis & S. F. Ry. Co., 41 Okla. 80, 135 Pac. 353, 48 L. R. A. (N. S.) 509.

Therefore it is recommended that this cause be affirmed.

By the Court: It is so ordered.