# SPRINGFIELD FIRE & MARINE INS. CO. v. HALSEY.

No. 1658. Opinion Filed May 14, 1912.

Rehearing Denied August 20, 1912.

(126 Pac. 237.)

1. INSURANCE—Fire Insurance—Iron Safe Clause. The provision in a fire insurance policy known as the "iron-safe clause," and the provision requiring the insured to keep such books and inventories as will show the amount of merchandise on hand in case of loss, are valid and binding. They are beneficial alike to the assured in accurately determining the loss sustained, and to the insurer in ascertaining its liability.

2. PLEADING—Action on Policy—Departure. In an action to recover on an insurance policy, where plaintiff alleges that he has fully complied with all the conditions precedent, and the defendant answers by general denial, and further alleges that plaintiff

has violated the provisions of the policy in failing to keep the books and inventories agreed upon, and in failing to keep same in a fireproof safe, and plaintiff replies setting up facts which constitute a waiver of such provisions, *held,* such allegations of waiver constitute a departure from the allegations in the petition that plaintiff has complied with all the conditions precedent, and it is error to overrule a motion to strike such allegations from the reply, and error to admit testimony in support of such allegations.

(Syllabus by Harrison, C.)

*Error from District Court, Grady County;*
*Frank M. Bailey, Judge.*

Action by Walter Halsey against the Springfield Fire & Marine Insurance Company for recovery of $1,200 on a policy. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

*Burwell, Crockett & Johnson,* for plaintiff in error.

*F. E. Riddle* and *Harry Hammerly,* for defendant in error.

Opinion by HARRISON, C. This action was begun in the court below for the recovery of $1,200 claimed to be due under an insurance policy issued to plaintiff by defendant company on a certain stock of merchandise and on office furniture and fixtures. The petition alleged the loss by fire, that plaintiff had complied with all the conditions precedent to an action, and that defendant had refused payment of said policy. The defendant answered by general denial of the allegations in the petition, and further pleaded a breach of the terms and conditions of the policy, in that assured had failed to take inventories and keep same as provided by the policy, and had failed to keep such books and records as were provided for in the policy, and had failed to keep such books and inventories in a fireproof safe, as were provided for in said policy, and that by reason of plaintiff's failure to keep such books and inventories as had been provided for and agreed upon in said policy, and by reason of his failure to keep such books and inventories in a fireproof safe as had been provided for and agreed upon in said policy, he had violated the express terms of said policy and forfeited his right to recover under same.

Plaintiff replied to the answer, and subsequently filed an amended reply, denying generally the allegations of new matter set out in defendant's answer, and further alleging a condition of facts relied upon as a wavier on the part of defendant of compliance with the provisions complained of in defendant's answer. Defendant moved to strike the allegations of waiver contained in the reply, because such allegations constituted a departure from the allegations in the petition. The court overruled the motion to strike, and the defendant excepted. The cause went to trial. Defendant objected to the introduction of testimony in support of the allegations of waiver, which objection was overruled, and testimony in support of such allegations allowed, to which ruling defendant excepted. The testimony of both parties was submitted, and a verdict for $840.75 returned by the jury in favor of plaintiff. Motion for new trial was filed, overruled, and excepted to by defendant, and judgment rendered thereon. From this judgment and order overruling motion for new trial, defendant company appeals upon ten assignments of error.

The entire case is decided by a determination of the two general propositions, namely: First, whether the "iron safe" clause and books and inventory clause are reasonable and binding provisions of the policy; second, whether the plea of waiver constituted a departure from the allegations in the petition, and was the objection thereto properly raised? ·

The first question has been definitely settled by this court. In *Gish et al. v. Ins. Co. of N. Am.*, 16 Okla. 59, 87 Pac. 869, 13 L. R. A. (N. S.) 826, it was held:

"The stipulated warranty contained in the policy to keep books and inventories, and to produce them in case of loss, was a reasonable and competent provision to insert or attach to the policy."

In *Shawnee Fire Ins. Co. v. Thompson & Rowell*, 30 Okla. 466, 119 Pac. 985, in opinion by Robertson, C., this court held:

"These provisions in policies of insurance, commonly known as 'iron-safe' and 'three-fourths value' clauses, are common to nearly all fire insurance contracts, and the provisions are substantially the same in all policies. That they are reasonable and enforceable is no longer an open question, and it is a proper method of providing for evidence in case of loss to determine the

actual damage, and their validity is determined according to the same rules by which other contracts are measured and construed."

Part of paragraph 5 in this case reads as follows:

"The provision of a fire insurance contract which requires that the insured keep such books and inventory securely locked in a fireproof safe at night, etc., is a promissory warranty.  *   *   *"

The manifest purpose of such provisions is to afford an accurate means of determining the actual loss sustained. They are beneficial alike to the insured and to the insurer. They impose no unreasonable burden upon the insured. Common business policies impose the same obligation, in order that he may at all times know the condition of his business. He is as much benefited by such provision, and by a compliance therewith, as is the insurer, and in most cases more so; for it affords him an accurate means of ascertaining his loss, and thereby obviating disputes and avoiding litigation. In view of the foregoing decisions, we deem it unnecessary to offer further comments on this phase of the question.

The second proposition has also been settled by this court in *St. Paul Fire & Marine Ins. Co. v. Mountain Park Stock Farm Co.*, 23 Okla. 79, 99 Pac. 647. In this case, Turner, J., rendering the opinion, after a careful and exhaustive review of the authorities on the question, says:

"The petition, after setting forth the policy and declaring on the contract of insurance, averred that the insured 'had fully complied with all the terms and conditions of said policy on its part.' For answer there was a general denial, and an averment that the insured had wholly failed to comply with that condition requiring proof of loss within 60 days. For reply the insured confessed the allegation, and by way of avoidance set forth facts sufficient to constitute a waiver. Defendant, after moving for judgment on the pleadings, which was overruled, objected to the introduction of any evidence under the pleadings, which was also overruled, evidence admitted, and exceptions duly saved. There was no error in this. That this was a departure there is no doubt, but neither method of assault called the court's attention to a departure in the reply, which could not be taken advantage of under our practice, except by motion to strike, as the same is

no ground for demurrer under our statute.   6 Enc. of Pl. & Pr. 468 lays down the general rule thus: 'In most of the United States departure may be taken advantage of by a general demurrer.   In other states, however, it has been decided that advantage is to be taken of a departure in an opponent's pleading by a motion to strike out or by an objection to its filing'—citing authorities.   We have examined all the works available on code pleading, and in none of them find it laid down or intimated that this, defect can be taken advantage of by objecting to the introduction of evidence under the pleadings.   The only case called to our attention where it is so held is *Johnson v. State Bank of Seneca,* 59 Kan. 250, 52 Pac. 860, which, while admitting the general rule to be as stated, *supra,* cites no authority to support the rule laid down in that case, and we refuse to follow it. Rather will we follow the practice as indicated in a later case decided by that court in *Surety Co. v. Bragg,* 63 Kan. 291, 65 Pac. 272, in which was recognized the rule as stated in 6 Enc. Pl. & Pr., *supra.* In that case the pleadings were in a state identical with those in the case at bar, except that the reply was assailed for a departure by both a demurrer and a motion to strike.   The former the court refused to consider, because not filed in time.   The latter was heard and overruled, which was so far held to be the proper practice that the same was not questioned.   On appeal, the Supreme Court held that in failing to strike the reply the trial court erred, and for that reason reversed and remanded the cause for a new trial.   In *Magruder v. Admire,* 4 Mo. App. 133, the court held the reply to be a departure, and that the trial court erred in refusing to strike it out.   In *Freeman v. Speegle,* 83 Ala. 191, 3 South. 620, it is held that the proper mode of raising the question of departure is a motion to reject or to strike from the files, and that the same could not be raised by demurrer, citing *Railroad v. Malton,* 57 Ala. 168.   See also, *Morris v. Beebe et al.,* 54 Ala. 300.   It is obvious that this is the better practice, as, in case the motion to strike is sustained, it calls attention sharply to the defect in the pleading and gives the plaintiff an opportunity to amend his petition before going to trial."

Also in *Merchants' & Planters' Ins. Co. v. Marsh, post,* 125 Pac. 1100, in an opinion rendered at this term by Brewer, C., the same rule is followed.

In the case at bar the departure is more radical, if any difference, than in the case *supra.*   The defendant below in the case at bar followed the rule indicated in the case *supra,* and moved to strike the reply because it constituted a departure from the

allegations in the petition. The overruling of this motion was error, as was also the admission of testimony, over the objection of defendant, on the question of waiver after the motion to strike had been overruled. We cannot estimate the influence the testimony on the question of waiver may have had with the jury in determining whether there was a substantial compliance with the terms of the policy. Nor can we say to what extent they were influenced by such testimony in estimating the loss sustained.

For the reasons given, the judgment is reversed, and the cause remanded.

By the Court: It is so ordered.