### NATIONAL LBR. & MFG. CO. v. ELRED.

No. 7491—Opinion Filed Dec. 23, 1919.

(Syllabus by the Court)

**Appeal and Error—Verdict—Sufficiency of Evidence.**

In a civil action, triable to the jury, where there is competent evidence reasonably tending to support the verdict of the jury, and no prejudicial errors of law are shown in the instructions of the court or its ruling on law questions presented during the trial, the verdict and finding of the jury will not be disturbed on appeal.

Error from District Court, Atoka County; Robt. M. Rainey, Judge.

Action by Roland M. Elred against the National Lumber & Manufacturing Company. From judgment for plaintiff, defendant brings error. Affirmed.

J. G. Ralls and J. M. Humphreys, for plaintiff in error.

Linebaugh & Pinson, for defendant in error.

JOHNSON, J. Roland M. Elred, as plaintiff, commenced this action in the court below against the National Lumber & Manufacturing Company, a corporation, as defendant, to recover a money judgment. The essential allegations of the plaintiff's petition were as follows:

"First, that between the 18th day of December, 1911, and the 13th day of February, 1912, the plaintiff furnished to the defendant company, at its special instance and request, the sum of $2,355.75, in cash, which said sum of money was received and used by the defendant company. That said money was furnished under a partly written and partly verbal agreement, entered into with the plaintiff by the defendant, acting by and through its then president, Wm. Bassett, its then secretary, J. M. Humphreys, and certain members of its board of directors, all of whose names are, at this time unknown to the plaintiff, and that said money was furnished to the defendant company as credits on its account in the American National Bank, of Atoka, Oklahoma, in which banking institution the defendant company was at said time doing a portion of its banking business, the items of said account not being now known to nor in the possession of your plaintiff, but being well known to the defendants.

"Second, that by reason of the premises the defendant company became and is liable and bound to pay to this plaintiff the said sum of $2,355.75 so furnished to the defendant company, and used by it, with interest thereon at the rate of six per cent (6%) per annum from the date said money was furnished to the defendant company until same was repaid.

"Third, that the defendant company has failed, neglected, and refused to repay to plaintiff said sum of money so furnished to it by the plaintiff, though requested and demanded so to do."

The defendant answered, (1) a general denial; (2) a special denial that the sum of money used by the plaintiff was ever loaned to defendant, alleging that if the plaintiff furnished the same it was used for his own benefit, and was a part of the consideration for the sale of the defendant company's plant to the plaintiff, and in pursuance of an offer of the plaintiff made on the 16th day of December, 1911, to take over the plant of the defendant company and to run the same for a period of three months, during which time the plaintiff was to furnish the money to run the plant, and the raw material and finished products on hand were to stand good for the money advanced, and the plaintiff was to hold the defendant harmless, and that the money furnished by the plaintiff was a part of the consideration

for the sale of the majority stock of the said company; (3) that under said agreement so made the plaintiff purchased from the directors of said company, of the par value of $25 per share, the majority, being 251 shares, of the capital stock of said company at an agreed price and of the estimated value of $6,275, and that the plaintiff agreed that the sums furnished and so advanced by him were for the purpose of testing said plant, and that at the end of three months, if it were shown that said plant was running at a loss, he should have the privilege of stopping the plant, but that he would at all times hold said company harmless of all loss, the loss, if any, to be borne by him, and that out of the proceeds of the sale of said products he was to further receive a salary of $100 per month; that such offer of the plaintiff was accepted by the defendant through its board of directors with that distinct understanding that he was to advance all monies and to take over all the raw and finished products to pay himself for the money so advanced, and the defendant alleges that the plaintiff did ship a great number of car loads of bois d'arc wagon felloes and other materials, in the sum of about $6,000, and the defendant further alleges that it has always stood ready to deliver to the plaintiff said shares of stock upon the payment by him of the sum agreed upon, but that the plaintiff has failed to pay such sum as agreed, and now tenders to the plaintiff said shares of capital stock, and prayed that plaintiff take nothing by his suit, and that the defendant recover from the plaintiff the sum of $6,275 and for an accounting, and for judgment for the further sum of $5,000, making in the aggregate, $11,275.

The plaintiff by permission of the court filed at the commencement of the trial, a reply, consisting of a general denial. The cause was submitted to the jury, and a verdict was rendered in favor of the plaintiff for $2,000. The defendant filed a timely motion for new trial, which was overruled by the court, and the court rendered a judgment for plaintiff upon the verdict of the jury, to reverse which, this proceeding in error was regularly commenced.

The defendant's assignments of error are: (1) The court erred in overruling the plaintiff in error's demurrer to the defendant in error's petition; (2) the verdict of the jury is not sustained with sufficient evidence; (3) the verdict is contrary to law; (4) errors of law occurring at the trial and excepted to; (5) the verdict of the jury is excessive; (6) the amount assessed by the jury is not supported by the evidence; (7) the court erred in permitting the plaintiff to amend his petition after the evidence had been introduced and each party had closed his evidence; (8) the jury ignored and failed to consider the charge of the court; (9) court erred in refusing to give requested instructions from 1 to 8, inclusive; (10) the court erred in refusing to instruct the jury upon the theory of the plaintiff in error, that the plaintiff below had purchased the company's plant; (11) the court erred in refusing to require plaintiff to account for the monies claimed to be advanced and for material sold; (12) the court erred in overruling defendant's motion for a new trial.

Counsel for the plaintiff in error devote the greater portion of their argument in their brief to the discussion of what they denominate errors of law occurring at the trial, the first contention being that the court should have sustained their motion to strike the first amended petition of plaintiff from the files; (2) that the court should have sustained the demurrer to the plaintiff's first amended petition; (3) the court should have granted a new trial for the reasons specifically set out in the various assignments of error; (4 & 5) the court should not have permitted the plaintiff to file a reply after the jury had been sworn to try the case, and should have sustained the motion of defendant for judgment on the pleadings; (6) error of the court in admitting in evidence plaintiff's Exhibit No. 1; (7) court should not have permitted the witness to be led; (8) the court should have stricken from the consideration of the jury the written proposition between the plaintiff and four directors of the defendant; (9) the court should have required the plaintiff to answer as to whether or not he was dealing with himself; (10) the court should not have sustained the objection of the plaintiff to the defendant's own evidence while testifying on cross-examination; (11) the court should have overruled the objection made by the plaintiff in error as to evidence offered by the plaintiff.

Propositions 12, 13, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 26 all go to the question of the admission or rejection of testimony. Propositions 28, 29, 30, and 31 all go to the question of requested instructions of the plaintiff in error that were refused by the court, or to instructions given by the court to the jury over the objections of the plaintiff in error.

We think that the plaintiff's amended petition stated a cause of action against defendant; that the defendant's answer stated an affirmative defense to the plaintiff's

cause of action. The trial court was of the same opinion, and the record discloses that in the trial of the cause the court exhibited great patience and extended to the respective parties great latitude in the introduction of testimony tending to sustain the respective contentions of the parties, and in his instructions to the jury stated quite clearly the issues made by the pleadings of the parties and the evidence offered upon the trial, insomuch so, that, in our opinion, the jury was in no way misled, and could not have failed to understand the issues involved. Likewise the trial court, in his instructions to the jury, clearly and concisely defined the law applicable to the issues in the case. The evidence was more or less conflicting, but the evidence of the plaintiff tended strongly to support the allegations of his petition that the contract with the defendant was as alleged in the petition of the plaintiff. His testimony and that of the cashier of the bank and the records thereof were clearly to the effect that he, under his contract of employment, deposited in the bank to the credit of the defendant the sum of $2,355.75, and that the same was paid out of the account of the defendant, on its checks, and the plaintiff testified that all such sums, as well as all sums received by him as the proceeds of the sale of the products of the defendant company, were used by the defendant, except the sum of $200 that the plaintiff received as salary.

The testimony of the defendant on the issue of the nature and character of the contract between the parties more or less contradicted the testimony of the plaintiff.

It is a well-settled rule of this court that in a civil action, triable to the jury, where there is competent evidence reasonably tending to support the verdict of the jury, and no prejudicial errors of law are shown in the instructions of the court or its ruling on law questions presented during the trial, the verdict and finding of the jury will not be disturbed on appeal. McCoy v. Wosika, 75 Oklahoma, 180 Pac. 967; Dickenson v. Perry, 75 Oklahoma, 181 Pac. 504; Tulsa Hospital Assn. v. Juby, 73 Oklahoma, 175 Pac. 519.

Upon an examination of the entire record, no reversible error being apparent, the judgment of the trial court is affirmed.

PITCHFORD, McNEILL, HIGGINS, and BAILEY, JJ., concur.