## FIRST NAT. BANK OF CUSHING v. ATCHISON, T. & S. F. R. CO. (DAVIS & YOUNGER, Interveners.)

No. 9461—Opinion Filed Jan. 13, 1920.

(Syllabus by the Court.)

1. **Appeal and Error — Verdict — Sufficiency of Evidence.**

In a civil action triable to a jury, where there is competent evidence reasonably tending to support the verdict of the jury and no prejudicial errors of law are shown to have occurred in the trial of the cause, the verdict and finding of the jury will not be disturbed on appeal.

2. **Evidence — Exhibits — Failure to Attach to Pleading—Effect.**

The failure to attach an exhibit when ordered by the court so to do, does not render such exhibit inadmissible in evidence when by subsequent pleadings it is alleged that such exhibit cannot be attached for the reason that the same is not within the possession or under the control of the pleader, and it further appears from the evidence that such allegations are true and that no injury or prejudice has resulted from such failure to so attach said exhibit.

3. **Chattel Mortgages—Effect of Filing—Notice—Identity of Property.**

After the due filing of a chattel mortgage in the recording office as provided by law, third parties are charged with notice of the contents thereof to the same extent as if they had actual notice, and are charged with notice of anything in the instrument connected with the description of the mortgaged property which suggests inquiry as to the identity of the property intended to be mortgaged, and which inquiry, if pursued, would lead to an identification of the property.

Error from District Court, Payne County, John P. Hickam, Judge,

Action by the First National Bank of Cushing against the Atchison, Topeka & Santa Fe Railway Company; Davis & Younger, a copartnership, intervening. Judgment for interveners, and plaintiff brings error. Affirmed.

C. C. Suman and Mont F. Highley, for plaintiff in error.

Johnston, Robinson & Rice, for interveners in error.

BAILEY, J. This action was commenced in the district court of Payne county, Oklahoma, on the 24th day of July, 1915, by plaintiff in error, as plaintiff below, against the Atchison, Topeka & Santa Fe Railway Company, a corporation, defendant in error, defendant below, to recover possession of two certain mules. Thereafter, on the 25th day of August, 1915, Davis & Younger, interveners, filed their petition in intervention. The parties will be hereafter referred to as they appeared in the trial court.

Plaintiff predicates its right to recover the possession of said mules upon a certain chattel mortgage executed to it by one John Bell, on the 8th day of May 1915, and in which said mortgage there is described: "One black mare mule, 7 years old, weight 1,500 pounds. One black mare mule, 8 years old, weight 1,400 pounds"—together with other property. The facts presented by the record are briefly as follows:

After executing mortgage on the 8th day of May, 1915, as above referred to, John Bell, on the 19th day of June, 1915, committed suicide, and in a few days thereafter the mules in controversy were taken from the possession of the Atchison, T. & S. F. R. Co., while under consignment, with other property, to be transported to the state of Texas. The

manner and method by which the mules in question were secured from the railway company is not clear from the record before us. It appears, however, that on the 24th day of July, 1915, that said mules were again delivered to the possession of the railway company, and immediately thereafter this action was instituted, and the mules taken into his possession by the sheriff of Payne county, and after the elapse of 24 hours, delivered to plaintiff. Davis & Younger, interveners, filed their petition, wherein they alleged that they were the owners, and entitled to the immediate possession of said mules, and that the mules in controversy, were on the 24th day of September, 1914, mortgaged by one R. S. McConkey to the Stillwater National Bank, of Stillwater, Okla., and thereafter sold by the said Stillwater National Bank to W. H. Bodenhamer, and purchased for the said interveners by the agents of said interveners, and that said mules had been delivered by the agents of said interveners to the Atchison, T. & S. F. R. Co. and that the said plaintiff unlawfully retained the possession of said property, and that said property was reasonably worth $450. Thereafter the plaintiff moved the court to strike the petition of interveners, "for the reason that said petition of intervention does not state facts sufficient to constitute a cause of intervention in the above entitled action." Said motion to strike was overruled, the court at the same time directing that interveners attach a copy of the mortgage which was alleged to have been executed by McConkey to the Stillwater National Bank. Thereafter an amended petition was filed by interveners, in which amended petition, in addition to the allegations hereinabove set forth, it was also alleged "that said mortgage given to the Stillwater National Bank was by said bank filed of record in the office of the register of deeds of Payne county, Oklahoma, and numbered (32400) thirty-two thousand four hundred, and filed and entered in the chattel mortgage index, in volume 9, on the 8th day of October, 1914, at 2 o'clock and 16 minutes p. m., in said register of deeds office." To which amended petition of intervention plaintiff thereafter filed its answer, generally and specifically denying the allegations therein, not inconsistent with the allegations of its petition.

The railway company filed its unverified answer, consisting of a general denial. The cause being regularly set for hearing, a jury was demanded, regularly empaneled, and at the beginning of the trial the defendant railway company, by its attorneys, announced that it disclaimed any right, title, and interest in and to the property in controversy, except such right as it may nave by reason of the property having been delivered to it for transportation. A verdict was returned for the interveners, and from judgment thereon, the cause is appealed.

The contention of the plaintiff as stated in the pleadings may be summarized as follows: That the mules in controversy were the mules of John Bell, deceased, and that the description contained in plaintiff's mortgage was a sufficient and accurate description of such property, and that if such mules had ever been mortgaged to the Stillwater National Bank, no mortgage of record and executed to said bank by said McConkey furnished any sufficient description of the property in controversy, and that said plaintiff, by its agents and representatives, were without any knowledge or legal notice of any claim held by the Stillwater National Bank. While by the interveners it is contended that the mules in controversy were sufficiently and specifically described in the mortgage held by the Stillwater National Bank, and that said property, under the terms and conditions of said mortgage, had been sold to interveners' vendors; that the deceased, John Bell, was never the owner of said property, and even if plaintiff bank had accepted a mortgage upon said property, that said mortgagee took said mortgage impressed with notice of a valid and prior mortgage held by the Stillwater National Bank. It is contended by plaintiff that the trial court erred in permitting intervenors to introduce in evidence the mortgage given to the Stillwater National Bank by McConkey, for the reason the court, by the order hereinbeabove referred to, had ordered and directed the interveners to attach a copy of said mortgage, and that said interveners had failed and refused to attach the same to their pleading. It will be noted, however, that interveners did file an amended petition in intervention in which it was alleged that said mortgage could not be attached for the reasons therein shown, and it appears from the evidence in the case that the original mortgage had been withdrawn from file and passed into the possession of parties whose whereabouts were unknown until the day previous to the trial. Aside from this, the record does not disclose that plaintiff was in anywise mislead or prejudiced by reason of a failure to so attach said exhibit, but, upon the contrary, the record affirmatively shows that plaintiff was fully advised and appraised of the claim of interveners, by reason of the existence of such mortgage and the property therein described.

It is next contended that the court erred in allowing interveners to exercise certain peremptory challenges to the jury. It is sufficient to say, however, that an examination

of the record discloses nothing with reference to such proceedings.

Plaintiff further complains of the instruction given by the court wherein the court instructed the jury as follows:

"You are instructed that after the due filing of a chattel mortgage in the recording office as provided by law, third parties are charged with notice of the contents thereof to the same extent as if they had actual notice, and are charged with notice of anything in the instrument connected with the description of the mortgaged property which suggests inquiry as to the identity of the property intended to be mortgaged and which inquiry, if pursued, would lead to an identification of the property."

The instruction given is the identical language of the rule announced in First National Bank of Washington v. Haines, No. 8440, 76 Oklahoma, and is supported by numerous decisions of this court. Smith et al. v. Lafayette & Bro., 29 Okla. 671, 119 Pac. 979; First National Bank of Bristow v. Rogers, 24 Okla. 357, 103 Pac. 582; Hoblitt et al., v. Farmers' State Bank of Tuttle, 54 Okla. 516, 153 Pac. 1154.

Regarding the other assignments of error, as they relate to the instructions given, we have carefully examined all of said instructions, and while technical objections may be found to said instructions, section 6005, Rev. Laws 1910, provides "that no judgment shall be set aside or new trial granted on the ground of misdirection of a jury, unless in the opinion of the court, after an examination of the entire record, it appears that such errors have probably resulted in a miscarriage of justice or constituted a substantial violation of a constitutional or statutory right"; and a careful reading of the entire record in this case convinces us that the evidence is entirely sufficient to support the conclusion that the property in controversy answers the description of the property as given in the mortgage held by the First National Bank of Stillwater, and, in view of the evidence that the First National Bank of Cushing, through its employes, was aware of the fact that Bell claimed to have purchased the property mortgaged to plaintiff from McConkey, the description in the mortgage held by the First National Bank of Stillwater was certainly sufficient to put plaintiff upon inquiry.

It has frequently been held by this court that in a civil action, triable to a jury, when there is competent evidence reasonably tending to support the verdict of the jury, and no prejudicial errors of law are shown in the instruction of the court, or in rulings on law questions presented during the trial, the verdict and finding of the jury will not be disturbed on appeal. National Lumber Co. v. Elred, 77 Oklahoma; Iowa National Bank v. Citizens National Bank of Woodsocket, R. I., 70 Oklahoma, 172 Pac. 924; First National Bank of Laramie, Wyo., v. Jenkins, 65 Oklahoma, 166 Pac. 690; Chicago, R. I. &. P. R. Co. v. Brown, 55 Okla. 173, 154 Pac. 1161; Critser v. Steeley, 62 Oklahoma, 162 Pac. 795.

The appeal in this cause, in so far as the same affects the Atchison, T. & S. F. R. Co., has been heretofore dismissed, and, after consideration of the case and finding no reversible error in the record, the judgment is affirmed.

RAINEY, V. C. J., and KANE, JOHNSON, PITCHFORD, McNEILL, and HIGGINS, JJ., concur.