## SHAWVER v. WILLIAMSON-HALSELL-FRAZIER CO.

No. 9711—Opinion Filed April 6, 1920.

Rehearing Denied April 27, 1920.

(Syllabus by the Court.)

**Appeal and Error—Questions of Fact—Review—Verdict.**

In a civil action, triable to the jury, where there is competent evidence reasonably tending to support the verdict of the jury, and no prejudicial errors of law are shown in the instructions of the court, or its ruling on law questions presented during the trial, the verdict and the finding of the jury will not be disturbed on appeal.

Error from District Court, Creek County; Gaylord Wilcox, Judge.

Action by the Williamson-Halsell-Frazier Company against C. F. Self and J. Shawver, partners. Judgment for plaintiff and defendant Shawver brings error. Affirmed.

Fred A. Wagoner and John N. Hill, for plaintiff in error.

Frank Hickman, for defendant in error.

JOHNSON, J. This is an appeal from the district court of Creek county.

The Williamson-Halsell-Frazier Company, a corporation, commenced its action in the court below against C. F. Self and J. Shawver, a co-partnership doing business under the trade name of Kentucky Mer. Co., a co-partnership composed of C. F. Self and J. Shawver, as defendants, to recover the sum of $245.41 upon a verified account for merchandise sold and delivered to the defendants, alleging that the above-named defendants were co-partners doing business under the trade name and style of Kentucky Mer. Co., making a copy of the verified account an exhibit to its petition.

The defendant Self made default. The defendant Shawver filed his separate verified answer, denying the indebtedness and the partnership.

The cause was tried to a jury, which resulted in a verdict in favor of the plaintiff and against both of the defendants, upon which a judgment was accordingly rendered, and from which the defendant Shawver appealed, and in due time commenced this proceeding in error to reverse the judgment of the court below, and assigns as error:

"(1). That the court erred in admitting evidence on the part of defendant in error; (2) in giving instruction No. 2 submitting the question of partnership; (3) in not rendering judgment for the plaintiff in error on the pleadings under the evidence."

From an examination of the entire record we are of the opinion that these assignments of error are without merit.

The sole issue in the case was whether or not the defendant Shawver was a partner in the partnership as alleged by the plaintiff. All of the evidence was directed to that question, and the evidence was sharply in conflict. The instructions of the court fairly submitted the issue to the jury.

We find from an examination of the record that there was competent evidence reasonably tending to support the verdict of the jury, and that no prejudicial error was shown in the instructions of the court and its ruling upon law questions presented during the trial, and in these circumstances the findings of the jury will not be disturbed by this court. Bunker v. Harding et al., 70 Oklahoma, 174 Pac. 749; Blandell et al., v. Gower, 70 Oklahoma, 173 Pac. 644; Shawnee Nat. Bank v. Pool, 66 Oklahoma, 167 Pac. 994; Chicago, R. I. & P. R. Co. v. Pruitt, 67 Oklahoma, 170 Pac. 1143; McCoy v. Wosika, 75 Okla. 3.

The judgment of the trial court is therefore affirmed.

OWEN, C. J., and KANE, RAINEY, and PITCHFORD, JJ., concur.