## NATIONAL FIRE INS. CO. v. NICHOLS.

No. 10559—Opinion Filed Jan. 31, 1922.

(Syllabus.)

1. **Pleading—Reply—Departure—Action on Fire Insurance Policy.**

Where, in an action on an insurance policy, the petition alleges that the insured has fully complied with all the terms and conditions of the policy, and the insurance company answers that the insured has not complied with the condition requiring proof of loss, and the reply admits the allegation of the answer and by way of avoidance sets forth facts sufficient to constitute a waiver, the allegations of the reply constitute a departure.

2. **Same—Motion to Strike—Refusal—Reversible Error.**

A timely motion to strike the objectionable allegations from the pleading upon the ground that they constitute a departure is the proper way to save the question, and where such motion is overruled by the trial court, this constitutes reversible error under the settled doctrine of this court.

Error from District Court, Pontotoc County; J. W. Bolen, Judge.

Action by I. D. Nichols against the National Fire Insurance Company of Hartford, Conn., on fire insurance policy. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

Gordon Stater. Geo. B. Rittenhouse, and P. T. McVay, for plaintiff in error.

Wimbish & Duncan, for defendant in error.

KANE, J. This was an action upon a fire insurance policy commenced by the defendant in error, plaintiff below, against the plaintiff in error, defendant below.

Upon trial to a jury there was a verdict for the plaintiff, upon which judgment was duly entered, to reverse which this proceeding in error was commenced.

The policy involved was on the regular form authorized by chapter 38, art. 2, Rev. Laws 1910, containing a clause requiring the insured to give immediate notice of loss occasioned by fire, and a clause providing that no action for the recovery of any claim shall be maintained until after full compliance by the insured with this and many other stipulated requirements. The plaintiff in his petition alleged:

"That immediately after said fire plaintiff gave notice thereof in writing to the defendant. and thereafter and within 60 days furnished to the defendant proper proof of loss as required under the terms of said policy."

The answer of the defendant set up the terms of the policy, denied that proof of loss had been made, and asserted that another clause of the policy provides that no action may be brought thereon until the insured furnishes proof of loss, and that for failure to furnish such proof of loss, the action should be abated. The plaintiff, by way of reply, without denying the allegations of the answer, alleged in substance that the defendant sent its adjuster to him for the purpose of adjusting the loss, and that certain acts, conduct, and statements of the adjuster in the premises, which are fully set out in the reply, had the effect of waiving compliance with the proof of loss clause. Thereupon the defendant filed a motion to strike this new matter setting up a waiver from the reply upon the ground that the same constituted a departure, which motion was overruled by this court.

The action of the trial court in overruling this motion is the first assignment of error presented for review and, in view of our ruling thereon, the only one that will be necessary to notice. Commencing with St. Paul Fire & Marine Ins. Co. v. Mountain Park Stock Co., 23 Okla. 79, 99 Pac. 647, there are innumerable cases in this jurisdiction holding that where, in an action on an insurance policy, the petition alleges that the insured has fully complied with all the terms and conditions of the policy, and the insurance company answers that the insured has not complied with the condition of the answer, and by way of avoidance sets forth facts sufficient to constitute a waiver, the allegations of the reply constitute a departure.

While it is true that many of these cases, including the one cited, hold that failure to move to strike the reply and going to trial on the issues thus joined waives the defect and refuse to reverse the judgment appealed from for the reason that the question was not properly saved, they all point out that a timely motion to strike the objectionable pleading is the proper way to save the question, and that wherever a timely motion is made and overruled by the trial court, this constitutes reversible error.

In the following cases where the question was properly saved the judgment of the trial court was reversed and the cause remanded upon this ground: Springfield Fire & Marine Ins. Co. v. Halsey, 34 Okla. 383, 126 Pac. 237; Merchants' & Planters' Ins. Co. v. Marsh, 34 Okla. 453, 125 Pac. 1100; Gage v. Connecticut Fire Ins. Co. of Hartford, Conn., 34 Okla. 744, 127 Pac. 407. In the latter case Mr. Commissioner Ames, who delivered the opinion for the court, succinctly states the rule and the settled doctrine of this court as follows:

"The petition alleges generally performance by the plaintiff of the duties imposed upon him by the contract. The answer pleads various breaches by the plaintiff of the conditions in the contract. The reply pleads that the defendant is estopped from setting up these matters, and that the defendant has waived them. The defendant filed a motion to strike those portions of the plaintiff's reply, because they constituted a departure, and the court overruled this motion. This was an error under the settled doctrine of this court."

For the reasons stated, the judgment of the trial court is reversed, and the cause remanded, with directions to proceed as herein indicated.

PITCHFORD, V. C. J., and JOHNSON, MILLER, and KENNAMER, JJ., concur.