## METROPOLITAN LIFE INS. CO. v. GOLDEN.

No. 26086.  May 25, 1937.

Harold R. Williams and Herbert S. French, for plaintiff in error.

E. G. Avery, D. H. Cotten, and Marshall W. Hinch, for defendant in error.

WELCH, J.  This action was filed in the district court of Ottawa county by Bessie J. Golden to recover $2,000, with interest, from the Metropolitan Life Insurance Company.

The parties will be referred to as they appeared in the lower court.

Plaintiff alleged in her petition that she is the mother of William Gordon Golden, deceased, and she is the same person named as beneficiary in serial certificate No. 416 issued under group policy No. 2365-G by the defendant to William Gordon Golden; that on and long prior to November 23, 1928, William Gordon Golden was employed by the New Chicago Mine Corporation, and engaged in lead and zinc mining; that prior to June 22, 1928, the defendant issued to said New Chicago Mine Corporation a group policy No. 2365-G covering the lives and providing benefits for employees; that on June 22, 1928, said defendant issued to the said William Gordon Golden serial certificate No. 416 in the sum of $1,500, with rider attached in an additional sum of $500, under said group policy, which is made a part of said petition; that said group policy is not and has not been in the possession at any time of the plaintiff or William Gordon Golden, and has at all times been in the possession of defendant, or the Chicago Mine Corporation; that plaintiff is unable to obtain a copy of said group policy and is unable to attach a copy thereof to the petition; that prior to November, 1928, the said insured, William Gordon Golden, contracted occupational diseases while employed by the New Chicago Mine Corporation, namely, silicosis, and pulmonary tuberculosis, and received treatment and attendance from the summer of 1928 to October 26, 1932, and as a result of said diseases the said insured became totally and permanently disabled from performing any labor or engaging in any occupation for compensation for profit, and while said group policy and serial certificate and rider aforesaid were in full force and effect, and from and after November 23, 1928, said insured was totally and permanently disabled and that as a result of said diseases the said insured died on October 26, 1932, and at the time said insured became totally and permanently disabled, and at the time of his death said group policy, certificate and rider were in full force and effect, and upon the death of said insured the total sum of $2,000 became due and payable to this plaintiff upon notice and proof of death, which has been duly and legally furnished.  Defendant, for answer, generally denied, and specifically denied that said insured became permanently and totally disabled while insured under said group policy, and further answered that "said defendant states that the group pol-

icy was terminated by the New Chicago Mine Corporation on November 21, 1929, thereafter no premiums were paid to this defendant pursuant to said contract." Said defendant further answered that the first notice it received was July 14, 1933, which it alleges was not a reasonable time.

To establish the illness and permanent disability, plaintiff offered evidence tending to show the insured became ill and permanently disabled while in the employment in question and within the age limit, and that the insured notified defendant thereof. There was testimony by his mother, by two brothers, one of whom worked with him in the mine while he was able to work, by his physician who examined him some time after he quit work but was able to say the illness was of long standing, and by other witnesses.

The certificate attached to the petition of plaintiff and made a part of same was offered in evidence and contains this language:

"Under the terms of the group policy mentioned on page one of this certificate, any employee shall be considered totally and permanently disabled who furnishes due proof to the company, that while insured thereunder and prior to his sixtieth birthday, he has become so disabled, as a result of bodily injury or disease, as to be prevented permanently from engaging in any occupation or from performing any work for compensation or profit. * * *

"In the event of the death of the employee during the period of total and permanent disability, any installments remaining unpaid shall be commuted. * * *

"And paid in one sum to the designated beneficiary."

Plaintiff and defendant stipulated as follows:

"It is stipulated and agreed by and between the plaintiff and defendant that in the event of recovery for the plaintiff, the verdict shall be in the principal sum of two thousand dollars and interest at six per cent. from and after October 3, 1933."

The jury returned its verdict for $2,000, with 6 per cent. interest from October 3, 1933.

The first assignment of error is that the evidence is insufficient to sustain the judgment.

(A) The policy upon which the suit was based was not offered in evidence.

The certificate and binder attached to plaintiff's petition and admitted in evidence is an admission from the defendant that under the terms of the group policy mentioned on page 1 of this certificate,

"Any employee shall be considered totally and permanently disabled who furnishes due proof to the company that while insured thereunder and prior to his sixtieth birthday, he has received disability as a result of bodily injury or disease, as to be prevented permanently from engaging in any occupation or from performing any work for compensation or profit. * * *

"In the event of the death of the employee during the period of total and permanent disability, any installments remaining unpaid shall be commuted—and paid in one sum to the designated beneficiary."

The defendant agreed in the trial that if the plaintiff recovered, the amount should be $2,000, with interest at 6 per cent. from October 3, 1933. With these admissions, and the other evidence offered, the case was submitted to the jury, and the jury returned a verdict for the amount. Under this assignment complaint is made that the policy was not offered in evidence. The plaintiff gave legal reasons why the group policy was not attached to the petition. The certificate and binder, with the admissions of the amount recoverable, proves the contract and the amount commuted and payable to the beneficiary. Edward J. Spellman, in his deposition, testifies that he is employed by defendant and keeps the records under group life insurance policy No. 2365-G. The defendant argues that because the group policy was not offered in evidence the case should be reversed.

In the case of First Nat. Bank of Cushing v. Atchison, T. & S. F. Ry. Co. (Davis & Younger, Interveners) 77 Okla. 93, 186 P. 1086, this court considered the failure to attach a mortgage declared upon, and it was said:

"It will be noted, however, that interveners did file an amended petition in intervention, in which it was alleged that said mortgage could not be attached for the reason therein shown, and it appears from the evidence in the case that the original mortgage had been withdrawn from file and passed into the possession of parties whose whereabouts were unknown until the day previous to the trial. Aside from this, the record does not disclose that plaintiff was in anywise misled or prejudiced by reason of a failure to so attach said exhibit; but, upon the contrary, the record affirmatively shows that plaintiff was fully advised and apprised of the claim of interveners, by reason of the existence of.

such mortgage and the property therein described."

The record in this case does not disclose that defendant was in any wise misled or prejudiced by reason of a failure to attach any exhibit. And in his deposition Edward J. Spellman says that defendant had possession of the group policy.

In the case of National Lumber & Mfg. Co. v. Elred, 77 Okla. 38, 186 P. 470, this court held:

"In a civil action, triable to a jury, where there is competent evidence reasonably tending to support the verdict of the jury, and no prejudicial errors of law are shown in the instructions of the court, or its ruling on law questions presented during the trial, the verdict and finding of the jury will not be disturbed on appeal."

To the same effect see Danciger v. Isaacs, 82 Okla. 263, 200 P. 164.

In the case of Sinclair v. Stringer, 80 Okla. 218, 195 P. 771, this court held:

"Of the remaining errors complained of it is sufficient to say that we have carefully examined the record and find them to be without merit or that they are harmless under section 6005, Rev. Laws 1910, which provides: 'No judgment shall be set aside or new trial granted by any appellate court of this state in any case, civil or criminal, on the ground of misdirection of the jury or the improper admission or rejection of evidence, or as to error in any manner of pleading or procedure, unless, in the opinion of the court to which application is made, after an examination of the entire record, it appears that the error complained of has probably resulted in a miscarriage of justice, or constitutes a substantial violation of a constitutional or statutory right'."

The defendant urges reversal upon the case of Wann v. Metropolitan Life Insurance Co. (Tex.) 41 S. W. (2d) 50. The Texas case is very similar to this case. In the Texas case the court said:

"The group policy referred to in the certificate and rider was not offered in evidence, nor was any effort made to prove its contents."

In the case at bar the certificate and rider were offered in evidence, which is an admission by the defendant as to the provision of the policy. And defendant admitted the amount due in case of liability under the policy. Independent of this evidence, section 3206, O. S. 1931, prohibits reversal in case of nonprejudicial error of pleading or procedure, while apparently Texas has no such statute.

The defendant contends further that there was no evidence that William Gordon Golden became totally and permanently disabled while insured.

We have heretofore observed testimony to the effect that some time within a few months after Golden quit work he was examined by Dr. Barry. Dr. Barry testified that Golden was suffering from pulmonary tuberculosis, and that he had evidently been sick for a long while and that he was able to perform no work whatever. Other testimony is to the effect that before Golden quit work he was having hemorrhages and it is reasonable to infer that the hemorrhages referred to were those associated with tuberculosis. Other evidence is to the effect that Golden was sick and unable to work continuously from the time he quit work until the time of his death. We are not justified in saying that such evidence taken as a whole is not competent and sufficient to sustain the verdict.

It is next urged that the trial court erred in overruling the motion to strike allegations of waiver contained in plaintiff's reply to the defendant's answer.

The plaintiff's petition alleges that due notice and proof of disability and death had been furnished the defendant as provided by the terms and conditions of the insurance contract. The insurance company in its answer admitted notice of disability and death, but denied that such notice of disability or death had been given within a reasonable time, and asserted for that reason the same was not given as the contract provided. It does not appear from the answer that defendant ever complained that "due proof" was not made. The reply, after denying the allegations in the answer, continued with the following:

"2. For further reply to the answer of defendant the plaintiff says that the said defendant has waived notice, if it is claimed notice was not given, as required under the terms and conditions of said group policy, in that the said defendant knew of the claim of the plaintiff and made investigation through its agents of the matters and claims of plaintiff and after full investigation and considerable correspondence with plaintiff's attorney stated that full and complete investigation had been made and denied liability without raising any objection as to notice."

It is urged that the above-quoted portion of the reply should be stricken for the reason that it is a departure from the allegations contained in plaintiff's petition. In support of the contention the insurance company cites National Fire Ins. Co. v.

Nichols, 85 Okla. 24, 204 P. 272; Merchants' & Planters' Ins. Co. v. Marsh, 34 Okla. 453, 125 P. 1100; Springfield Fire & Marine Ins. Co. v. Halsey, 34 Okla. 383, 126 P. 237, and Gage v. Connecticut Fire Ins. Co., 34 Okla. 744, 127 P. 407.

It was plaintiff's theory, as disclosed by the pleadings and evidence, that notice was given. The defendant admits that notice was received, but asserts it was not given within a reasonable time and therefore was not given in accordance with the terms of the contract. The contract did not designate a specific time within which any notice must be given, nor did it designate what would constitute "due proof." In view of the allegations of the petition, including the terms of the contract, and the defensive allegations relative to notice contained in the answer, and in view of the further fact that the plaintiff's evidence was directed toward establishing notice rather than waiver, we do not agree that the quoted portion of the reply may be considered as a material departure from, nor inconsistent with, plaintiff's theory as set out in her petition, and as shown by her proof. We therefore conclude that the cited cases are not in point.

In the third specification of error defendant says the court erred in receiving in evidence the alleged proof of loss made by Dr. J. R. Barry. The record shows this proof of loss was offered to prove notice, and that an examination and report was made. This examination and report was read to the jury. The record shows other evidence was introduced on practically every material point covered by said examination and report, and such evidence reasonably tended to prove the issue. We said in the case of Marland Ref. Co. v. McClung, 102 Okla. 56, 226 P. 312:

"This court will not reverse a case for improper admission of testimony, unless from an examination of the entire record it appears the errors complained of have probably resulted in a miscarriage of justice, or for a violation of a constitutional or statutory right. Section 2822, Comp. St. 1921."

It is the defendant's contention further that the trial court erred in giving instruction No. 5. It is asserted that therein the court instructed the jury that if the inception of the disabling disease was during the insured's employment, plaintiff might recover. The defendant contends that the court should have instructed the jury that before the plaintiff would be entitled to recover it must find that Golden became totally and permanently disabled while he was insured under the policy. A careful examination of instruction No. 5 relative to the complaint thus made indicates to us that that part of the instruction deals principally with the question of notice, and we doubt if the construction sought to be placed thereon by the defendant is justified. It is clearly apparent that the same does not unequivocally instruct the jury as the defendant contends. In view of the fact that instruction No. 3 given by the court very plainly instructs the jury that before finding for plaintiff they must find that Golden became totally and permanently disabled while he was insured under the policy, it seems improbable that the jury could have been misled or confused as to the instructions, or as to the issues to be determined.

It is further urged that this same instruction advises the jury that as a matter of law a notice sent to the company in 1932 or 1933 informing the defendant of the disability which is alleged to have occurred in November, 1928, was a notice within a reasonable time under the provisions of the policy. Such instruction is not susceptible of that construction. The instruction deals with two notices. One notice referred to relates to notice given by the insured person of his disability, which the evidence discloses was given sometime in the latter part of 1928, and within a few weeks after his alleged disability. The instruction in that regard is not confusing and is well within the scope of the evidence. The instruction also dealt with notice said to have been given in 1932 or 1933 by the plaintiff, the mother of the insured person, wherein the defendant was notified of the insured person's death. This instruction is likewise within the scope of the allegations and the evidence, which discloses that the notice of death was given within a short time after the insured died. There is competent evidence to the effect that within a few weeks after the alleged disability the insured person gave notice to the company. The evidence further shows that the defendant made some considerable investigation of the alleged disability, and took no action dealing with the insured person in any respect in connection therewith. The evidence further discloses that the insured person died in October, 1932. Prior to that time the plaintiff here had no right of action against the company, and would have had no occasion to give notice for

any purpose. Competent evidence discloses that within a very short time after the insured's death plaintiff gave notice. Under such circumstances we conclude that the trial court did not err in instructing the jury that if they found such notices were given at the time and in the manner hereinabove outlined, they were given within a reasonable time as a matter of law.

The judgment is affirmed.

OSBORN, C. J., BAYLESS, V. C. J., and BUSBY. CORN, GIBSON, and HURST, JJ., concur. RILEY and PHELPS, JJ., absent.